No. 15.—CHARNER B. STRANGE and others,  plaintiffs in error,
*vs.* WILLIAM BELL, defendant in error.

[1.] Where, by an Act of the Legislature, certain  commissioners were au-
thorized to assess the damages which the owners of town  property might
sustain by the removal of the county site : *Held*, that such  commissioners
had no jurisdiction to try the question of title to land—under the Constitu-
tion, that jurisdiction being vested in the Superior Court.

[2.] Where two or more persons claim the same thing, by  different  or sep-
arate interests ; and another person, not knowing to which of the claimants
he ought of right to render a debt or duty, or to  deliver  property in  his
custody, fears he may be hurt by some of them, he may  exhibit  a  bill of
interpleader against them.

In Equity, in Marion Superior Court.   Decision on demurrer,
by Judge IVERSON, September Term, 1851.

The General Assembly of 1847  passed an Act, among other
things, to provide for the location of a new County  site, in  the
County of Marion, and to compensate the owners of  lots at the
old site (Tazewell) for the depreciation of their  real  estate,  by
reason of the removal.   Under this Act, commissioners were
appointed to assess the amount of depreciation, who,  under the
Act, were required to  issue  certificates  to  the owners, of the
amount ascertained ; and the County Treasurer was required to
pay to the  holders  of these  certificates,  the amount thereof,
without farther order.

William Bell, the County Treasurer, filed his  bill  of  inter-
pleader, against Charner B.  Strange  and  William  Wells, al-
leging, that upon a certain house and lot, known as the  Village
Hall, there was assessed by the commissioners as loss, the  sum
of $757, to which sum, said Strange and Wells each  claimed a
certificate, as the true owner of the property.   The  commis-
sioners issued the certificate to  Strange, but at  the  same  time
issued to Wells a  certificate  for $228, being  fifty-seven  per
cent. (the rate adopted by the commissioners,) upon $400, be-
ing the amount of Wells' interest in  the  property, as  returned
to the Tax Receiver by him.   The bill alleged that Strange  had

obtained a mandamus *ni si* against complainant, to compel him to pay over the sum specified in the certificate to him, which was still pending; and that Wells had employed counsel, and was preparing also to prosecute, not only this claim on the certificate to him for $228, but also for the whole amount of depreciation assessed by the commissioners upon the Village Hall. The bill farther alleged that the $228 allowed to Wells, had been previously included and allowed by the commissioners, in the certificate granted to Strange; and that, under these circumstances, the complainant could not safely pay over the amount of the assessment without the direction of the Court. The prayer was for an injunction to restrain Strange and Wells from prosecuting their claims against complainant, and that they be compelled to interplead, and the rightful owner be decreed by the Court, to receive the fund in the hands of the complainant.

Strange, by his counsel, demurred to this bill, for want of equity. The Court overruled the demurrer, and this decision is assigned as error.

B. HILL and E. H. WORRILL, for plaintiff in error.

W. WILLIAMS, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

The complainant, who is the County Treasurer of Marion County, filed his bill of interpleader, in the Court below, alleging that Strange and Wells both claim to be the owners of the "Village Hall," in the town of Tazewell, and both claim from him the payment of the damages assessed by certain commissioners, under the Act of 1847, on account of the removal of the County site from the Town of Tazewell.

[1.] By the 7th section of the Act of 1847, it is provided that five commissioners should assess the damages sustained by the owners of town property, in the Town of Tazewell, on account of the removal of the County site, the same to be fixed at the amount the owners thereof placed upon it, in their re-

turns of taxable property, for the year 1847, and execute to the *owners* of said town property, a certificate declaring the damage thus sustained, which certificate shall become a debt against the County Treasurer of said County, &c.   Strange obtained a certificate from the commissioners, that he had been damaged by the removal of the county site $757, as the owner of the " Village Hall."

When a branch of this case was before us on a former occasion, we held, that the certificate of the commissioners was conclusive upon the County Treasurer, as to the amount assessed by them to be due, and that the same was a debt due against the County, which he could not question.  *Bell vs. The State,* 9 *Geo. Rep.* 390.   The County Treasurer does not now question the amount of the assessment or the validity of the debt, but asks to be protected in making payment of that debt ;  alleging that he is in danger of being hurt or injured, if he pays it to Strange, who is the holder of the certificate.   The defendants demur to the bill, and insist that inasmuch as it appears on the face of it, that Wells urged, before the commissioners, that he was the owner of the " Village Hall" and that they considered and rejected his claim of ownership, and granted the certificate to Strange that he is now *concluded,* by the judgment of the commissioners, from asserting his right of ownership to the property ; that if he was dissatisfied with the decision of the commissioners, he ought to have sued out a writ of *certiorari,* and had the judgment of the commissioners reversed, if erroneous.   The answer is, that the Legislature intended to compensate the *owners* of town property in Tazewell, but made no provision as to the mode of trying the title to the property, in case of a dispute in relation thereto.   The commissioners had no jurisdiction to hear and decide the question of *title* between Wells and Strange. The jurisdiction to try the question of title to land, is vested, by the Constitution, in the Superior Court.   Hence, the judgment of the commissioners, granting the certificate to Strange, did not *conclude* Wells from asserting his ownership to the property ; and if he was, in fact, the real *owner* of the property, he is entitled to the damages, notwithstanding the certificate of the

commissioners. With regard to the *certiorari*, which Wells might have sued out, we have only to say, that if it had been sanctioned and sustained, and a new trial ordered before the commissioners, to try the question of ownership to the land and its appurtenances, such order of the Superior Court would have been mere *brutum fulmen*—the commissioners having *no jurisdiction* to hear and determine that question, under the provisions of the Constitution.

[2.] When two or more persons claim the same thing, by different or separate interests, and another person, not knowing to which of the claimants he ought of right to render a debt or duty, or to deliver property in his custody, fears he may be hurt by some of them, he may exhibit a bill of interpleader against them. 1 *Smith's Chan. Prac.* 468. *Story's Eq. Plead.* 237.

The bill of interpleader is equally proper, though the party be not actually sued, or be sued by one of the conflicting claimants only, or though the claim of one defendant be actionable at Law, and the other in Equity. *Richards vs. Salter,* 6 *Johns. Chan. Rep.* 447. *Angell vs. Hadden,* 15 *Vesey,* 244. In our judgment, the complainant makes out a proper case for a bill of interpleader, and there is no error in the Court below in overruling the demurrer.

Let the judgment of the Court below be affirmed.