FEBRUARY TERM, 1852. 639

Lincoln v. Rut. and Burl. R. R. Co. et al.

WILLIAM LINCOLN, ADMINISTRATOR, v. THE RUTLAND AND BURLINGTON RAILROAD CO. AND THE HEIRS OF WILLIAM LINCOLN.

[IN CHANCERY.]

*Interpleader. Demurrer.*

. There should, to justify a bill of interpleader, be either some specific chattel, or some definite sum of money, to which different parties in the same right, or in priority of estate, make claim, and the person bringing the bill, should be a mere stake holder, having no interest in the matter; so that when the court decree an interpleader, the plaintiff can step out of the case altogether.

And where an administrator, who was also an heir to the estate, brought a bill in chancery, setting forth, among other things, that the commissioners allowed a claim against the estate, in favor of the Rutland and Burlington Railroad Company, for $1,000, being for ten shares of corporation stock, and that orator at the time did not deem it his duty to appeal, and the time of appeal expired, and since that, said Railroad Company have commenced a suit upon the administrator's bond, to recover this allowance, and that the heirs insisted the $1,000 should be distributed, and that the allowance was made by fraud, and that legal proceedings would be obtained for that purpose, &c. And that plaintiff is ready to pay it to whomsoever is entitled. And praying that the parties may interplead and orator may be allowed to deposit the $1,000 in court, to be disposed of as the judgment of the court may direct. And also praying for an injunction. Upon general demurrer, it was held, that the facts alledged will not entitle the plaintiff to relief, nor will the facts lay the ground of an independent jurisdiction in equity, for a bill of interpleader.

APPEAL from the court of chancery. The orator alledges in his bill, that the orator's father deceased in 1846, and orator became administrator, and on the 5th day of October, 1846, gave bonds in the sum of $20,000 for faithful administration, with sureties.

Commissioners appointed, and they, on the 26th day of June, 1847, made report, and among other claims one of $1,000 in favor of defendants, being for ten shares of said corporation stock. And at the time orator did not deem it to be his duty to appeal, and the time of appeal expired, and since that the defendants have commenced a suit upon the bond, to recover this allowance. And said action is entered in the county court by defendants.

Bill also sets forth, the number of heirs and the representatives of such as have deceased. The heirs insisted the $1,000 should

be distributed, and that the allowance was made by fraud, and that legal proceedings would be obtained for that purpose. And that they did, on the 8th of January, 1848, petition to be allowed an appeal from the allowance,— on the ground of fraud, accident, or mistake, and that is still pending, that the heirs still persist in their claim and the defendants in theirs, and that orator is ready to pay it to whomsoever is entitled.

Prays the parties may interplead, and the orator may be allowed to deposit it in court to be disposed of as the judgment of the court may direct. Praying, also, an injunction.

The defendants filed a general demurrer to the bill.

The chancellor sustained the demurrer, and decreed that the bill be dismissed, from which decree orator appealed.

*E. Edgerton* for complainant.

*Foot & Hodges* for defendants.

By the Court. The only question made in this case, is, whether the facts alledged in the bill will entitle the plaintiff to relief. It seems to be no proper case for a bill of interpleader, or in the nature of a bill of interpleader.

There should, to justify such a bill, be either some specific chattels, or some definite sum of money, to which different parties in the same right, or in priority of estate, make claim, and the person bringing the bill should be a mere stake holder, having no interest in the matter, so that when the court decree an interpleader, the plaintiff can step out of the case altogether. But that is not the case here. No specific sum of money, or chattels, are claimed by different parties. And the plaintiff is a necessary party to the litigation, having the same interest with any of the others, on the part of the estate.

In bills of interpleader, it is requisite, too, that the party should otherwise be in danger of paying the money, or the value of the chattel, more than once; in other words, that there should be no such privity between the plaintiff and either of the other parties, as to make a judgment conclude the right of such party. For if so, an interpleader is unnecessary. But in the present case, the plaintiff so represents the estate, in a legal point of view, that the

judgment in favor of the Railroad Company, and the decree of the probate court, requiring payment of that among the other debts, will conclude all the heirs. There is no more necessity of an interpleader in this case, than in every case when a suit is brought against an administrator, or executor, or guardian, or any other trustee, which affects the ultimate interest of *cestui que trust.*

And in the present case, if the matter were still pending before the commissioners, no man would ever think of a bill of interpleader being necessary. All would say, at once, let the heirs appeal, as they have a right to do, if dissatisfied with the decision of the commissioners. And the fact that they did not appeal, can make no difference in principle, certainly it will not lay the ground of an independent jurisdiction in equity for a bill of interpleader. If the party were still entitled to an appeal, upon the ground that he had failed to take it, by fraud, accident, or mistake, he might safely calculate he would obtain it upon his petition, then pending. And if not entitled to it upon that ground, he had lost it through his own voluntary fault, *et lex suppeditet vigilantibus, non dormientibus.*

The real object of this bill, then, must have been to get rid of the effect of the allowance before the commissioners. But the bill contains no facts or allegations, which, in any view of the case, will justify the interference of the court of chancery with that allowance. So that, it cannot be maintained upon that ground merely. And it would scarcely be contended that a bill in equity is allowable, for the mere purpose of obtaining delay of the suit, upon the administrator's bond.

Decree affirmed with costs.