## N. Y. COMMON PLEAS.

HERMAN DREYER agt. LEWIS RAUCH and FREDERICK SCHMITT the latter substituted as defendant in place of LEWIS RAUCH.

The justices of *district courts* in the city of New York, have power and authority to *interplead* parties defendant under § 122 of the Code.

Where two real estate brokers on a sale of real estate entered with them by the owner for sale, each claim commissions as being the procuring cause of the sale, and each commence suit in the same court, against the owner to recover the amount of such commissions, it is a proper case for interpleader, and the owner may deposit the money in court, and require the two brokers to try the question of right to the commissions.

A real estate broker first called the attention of the purchaser to the property offered for sale, and that was all he did, as it resulted in no agreement and the negotiation fell through ; and several months afterwards another broker, without knowing the fact that the first broker had called the purchaser's attention to the property, offered the same to him and succeeded in getting the parties together and effecting a sale :

*Held*, that the latter and not the former, broker was entitled to the *commissions*.

*General Term, March,* 1871.

*Before* ROBINSON, LOEW, and J. F. DALY, *JJ.*

APPEAL by the plaintiff from a judgment rendered in the fourth district court.

The defendant Rauch, being desirous of selling a bakery belonging to him, authorized the plaintiff Dreyer, the defendant Schmitt and one Christopher Weing, (each of whom was a real estate broker, and acting for himself individually), to sell the same, he agreeing to pay to the one who should procure him a satisfactory customer a commission of five per cent.

On or about the 20th day of January, 1870, the bakery was sold to one John Raap, for $3,550, which was the sum or price at which each of said brokers was authorized to sell the same.

The plaintiff claimed that the purchaser was his customer, that the sale was effected through his agency, and that he, therefore, was entitled to the commission amounting to $175, to recover which he brought this action.

Each of the other two brokers also asserted that, Raap was his customer, and claimed to be entitled to the commission.

The defendant, Schmitt accordingly brought an action against Rauch in the same court, and for the same cause as the plaintiff herein, but the other broker (Weing) subsequently waived and withdrew his claim.

On the return day of the summons which was issued in this action, the defendant, Rauch made a motion, that he be permitted to pay the amount claimed, with interest, costs, &c., into court, that Schmitt be substituted in his place, and stead as defendant in the action, and that he (Rauch) be thereupon discharged from liability to either party.

This motion was granted on the 26th day of February, 1870, and in pursuance of an order made by the justice, the defendant Rauch, on the same day deposited said moneys with the clerk of the court, and the defendant Schmitt was substituted in his place, without any objection on the part of the plaintiff.

The defendant, Schmitt appeared in the action, and the cause was tried on its merits on the 5th day of March, 1870, and on the same day the justice rendered judgment in favor of said Schmitt, whereupon the clerk paid over to him the moneys deposited as aforesaid.

The plaintiff appealed.

GEORGE CARPENTER, *for appellant.*

Insisted that the justice of the district court had no power to make the order.

1st. Because title 3 of the Code, section 111 only applies

to district courts, as to forms of action, parties to action, rules of evidence, time of commencement of action, &c.

If they can interplead, they have also jurisdiction in actions to try and determine claims to real estate under section 118, 119, 122.

2d. If the court had the power to interplead, this was not a case for interpleader. (*Shaw* agt. *Caster,* 8 *Paige,* 339; *Wilson* agt. *Duncan,* 11 *Abb.,* 7; *Turner* agt. *Mayor of K.,* 2 *Dow. & L.,* 197; *Chamberlain* agt. *O'Connor,* 8 *How.,* 46; *Sherman* agt. *Partridge,* 11 *How.,* 154).

3d. That in the case as made, the appellant was entitled to a judgment for the amount of his claim. (*Stillman* agt. *Mitchell,* 2 *Robt.,* 523).

4th. As to the kind of judgments the justice could render. (*See* §§ 45 *and* 46 *of District Court Act,* 1857).

5th. All other acts were repealed by section 81 of that act.

A. C. ANDERSON, *for the respondent, Rauch.*

Insisted that the justice had authority to make the order to interplead.

That section 122 of the Code applies to district courts.

1st. It is made to apply by section 8 of the Code.  District courts are courts of the state. (*Delavan* agt. *Florence* 9 *Abb.,* 277, *note*; *Conger* agt. *Vandewater,* 1 *Abb. N. S.,* 126)

All doubt is removed by the 16 enumeration of section 9 of the Code, which states what are the courts of justice of this state.

2d. These are not new courts, organized in 1813, and *continued* with modification by several acts, chapter 153, laws 1848, chapter 276, of the same year, by the Code of 1848, section 9, subdivision 16, also section 59.  Also by the Code of 1849, section 9, subdivision 16, and section 66.  Their name was changed by chapter 324 of laws 1852, to "district courts in the city of New York," and were further continued

by laws of 1857, *(People agt. Batchelor,* 22 *N. Y.,* 140, *and* 142.)

3d. The object of the Code was, " to simplify and abridge the practice, pleadings and proceedings of the courts of this state, *(See the Preamble).*

While the title of the act and the preamble to the act are, strictly speaking, no part of it, they serve to show the scope and purport of the act, and the inducement which led to its enactment.

They may at times, and in the construction of it. (1 *Kent's Com. Pl.,* § 19, 10*th ed.,* 1.)

4*th.* As to the intent of the Commissioners on Practice and Pleadings by section 102 and section 122. *(See report dated February* 29*th,* 1848, *pp.* 123 *and* 124.)

This object should be kept steadily in view by those who are called upon to interpret or apply its provisions, *(*GARDINER, *J., in Giles* agt. *Lyons,* 4 *Coms.,* 602.)

5*th.* By the amendment of section 122 in 1851, it was intended to more fully carry out the object and design of the lawmakers in the adoption of the Code.

And the section should be construed as if it had originally constituted an enactment. (HENRY, *J., People* agt. *Aichinson,* 7 *How.,* 245.)

If the legislature had not intended the amendment to apply to the district courts, they would have excepted them by special words, as they have in section 354 of the Code.

As to the constructions of statutes, he cited 1 *Kent's Com., p.* 523 *and* 4, 10*th ed. ; Sedgwick on Stat. and Con. Law, p.* 247.

6*th.* But all doubt on the question is settled by section 48 of the district court act of 1857, passed after the amendment.

The provisions of section 55 to 64 both inclusive, and of section 68 of the Code, is made to apply to these courts by this section. The 15th subdivision of section 64 makes the

provisions of the Code respecting *parties to action*, &c., apply to these courts.

It will be seen that all the provisions mentioned in this section are to be found in the second part of the Code from section 79 to 122 both inclusive. And the provisions respecting *parties to actions* are sections 111 to 122 both inclusive.

All the above provisions are included and mentioned in section 8 of the Code.

It could not be the design of the law that a defendant sued in a district court should be deprived of any benefit he could have had, if he had been sued in another court of record.

He could not move the action to the court of common pleas, and there make his motion, for the reason that the motion to interplead must be made before issue ; and this cause could not be removed to the common pleas until after issue.

As to the construction put upon section 64 and 68 of the Code, see *Young* agt. *Moore ( Code R.*, 143) ; *Hodges* agt. *Hunt*, 22 *Barb.*, 152.)

That the section applies : *Waits Law and P. in actions in Justices Ct.*, (*vol.* 1, *p.* 22, *ed*, 1866) ; *Fenn* agt. *Timpson* (4 *E. D. Smith*, 276) ; *Lowber* agt. *Childs* (2 *Id*, 582.)

Section 81 of district court acts does not affect this question.

*Second.* The appellant acted in the order and not objecting, he consented thereto. (*Clapp* agt. *Graves*, 26 *N. Y.*, 418.)

*Third.* This was a proper case for interpleader.

1st. It was an action on contract.

2d. The respondent, Rauch was sued in the same court, for the same cause of action by another party.

3d. The respondent, Rauch admitted that the amount claimed was due, and that each of the persons claimed the same.

The only question was, who was the procuring cause of

the sale. (*Chilton* agt. *Buttler*, 1 *E. D. Smith*, 150 ; *Briggs* agt. *Rome*, 4 *Keyes*, 424).

There could not be a liability to both parties, as there was one purchaser, and the question was, whose customer he was. And when that question was answered, that determined the controversy.

4th. There was no collusion between Rauch and the other persons making the claim.

5th. Rauch was ready to pay the money into court. (*Johnson* agt. *Lewis*, 4 *Abb., N. S.*, 151 ; *Tanton* agt. *Groh*, 39 *How.*, 153).

*Fourth.* The granting of the motion was in the discretion of the justice, and is not the subject of review. (*Section 122 of the Code ; People* agt. *N. Y. C. R. R. Co.*, 29 *N. Y.*, 418 ; *Tanton* agt. *Groh, supra*).

*Fifth.* If the court thinks that the appellant is entitled to the money, the court should affirm the judgment as to Rauch, and reverse as to Schmitt. ˋ(*Section 366 of the Code*).

*Sixth.* If the court should reverse the judgment, the court should direct, that Schmitt restore the money paid to him. (*Section 369 of the Code ; Sheridan* agt. *Mann*, 5 *How.*, 202-3.)

T. W. KEARNEY, *for respondent, Schmitt.*

Claimed that in the case as made, Schmitt was entitled to the money, as he was the procuring cause of the sale.

*By the court,* LOEW, J.—By section 8 of the Code, the provisions of that act from sections 69 to 126 both inclusive, are made applicable to actions in all the courts of the state.

That ˋthis refers to actions in the district and other inferior courts as well as those in courts of record, is evident from the fact that the same section declares, that the other provisions of the second part of the Code, shall relate to actions in the supreme court and the other courts of record, and also for the

reason, that in the enumeration of the courts of the state in section 9, the justices (now district), and other inferior courts are mentioned. It is quite clear, therefore, that after the passage of the amended Code in 1849, section 122 was applicable to actions in the inferior as well as the higher courts. If, however, there could be any doubt as to whether the provision in regard to interpleader, which was added to that section in 1851, applies to those courts, the same is removed so far as the district courts are concerned by section 48 of the district court act, (*Laws* 1857, *chap.* 344 § 48). That section makes section 64 of the Code of Procedure applicable to those courts, and the 15th subdivision of the last named section declares, that the provisions of that act (*the Code*), respecting forms of action, *parties to actions,* &c., shall apply to said courts.

Now the provisions concerning parties to actions are embraced with sections 111 to 122 of the Code, both inclusive.

The district courts, therefore, unquestionably possess the power to compel adverse claimants of the same money or property to interplead, if the case be a proper one.

It may, perhaps, be doubtful whether the power of compelling parties to interplead, extends to persons residing outside of the respective districts, over which these courts have jurisdiction, but as the defendant, Schmitt submitted himself to the jurisdiction of the court, and appeared in the action without objection, it is not necessary to express an opinion on that point, at present.

The question then arises, was the case under consideration a proper one for the exercise of that power ?

I have no hesitation in saying, that it was. The action was brought to recover commissions, the amount of which was agreed upon by all parties. Moreover, each of the claimants insisted, that the purchaser was his customer, that the sale was effected through his individual agency or exertions, and each of them demanded the same sum of money from the defendant, Rauch.

The latter admitted that he was bound to pay one party or the other; and the only point to be determined was to whom the same was to be paid.

The affidavit of the defendant Rauch, I have no doubt was sufficient to confer jurisdiction on the court below, to make the order of interpleader.

It showed :

1st. That an action upon contract was pending against him, in which issue had not been joined.

2d. That a person, not a party to the action, made a demand of him for the same debt or sum of money.

3d. That he was not in collusion with said person.

4th. That he was indifferent to the claims of either party, and

5th. That he himself had no interest in, and made no claim upon the moneys held by him, but was ready and willing to deposit the same in court, to abide the event of the action.

That, I apprehend, was all that the court required, or was requisite should appear in the affidavit. But if as is contended by plaintiff's counsel, and some of the authorities seem to hold, it be necessary for a party to show in addition that he is ignorant of the rights of the respective claimants, and does not know to which he can safely pay the money in his hands, then, in my opinion, that clearly appeared from the facts alleged and averments contained in the affidavit.

I do not know of any case, nor has our attention been called to any, which decide that anything is necessary to be stated in terms beyond what the statute calls for. Respecting the merits of the case, I am unable to agree with plaintiff's counsel, that the justice erred in deciding that the defendant Schmitt was entitled to the moneys deposited in court.

Whichever of the two parties was the procuring cause of the sale was entitled to the commissions.

It is true the plaintiff first called the attention of the pur-

chaser to the bakery in question; but from the testimony returned to us, it appears that that was all he did.

It resulted in no agreement, and the negotiation fell through.

Several months thereafter the defendant Schmitt, without knowing (as appears by his testimony), that Rauch's attention had previously been called to the said bakery offered the same to him (Rauch) brought him, and the seller together, and finally succeeded in effecting a sale.

Under the circumstances, I do not see how it can be fairly claimed that the plaintiff found the purchaser, or that he was the procuring cause of the sale.

In my opinion, the court below was correct, not only in making the order of interpleader, but also in rendering judgment in favor of the defendant Schmitt, and I think the judgment should be affirmed.

The case was first argued at general term, October, 1870, before C. P. DALY, ROBINSON and LARREMORE, *J.J.*, and on argument reversed. At the suggestion of Judge ROBINSON a motion for a re-argument was made, and this motion was granted by general term, November, 1870, Judge C. P. DALY, ROBINSON and J. F. DALY. The cause was re-argued at general term before Judge ROBINSON, LOEW and J. F. DALY, when the above opinion was delivered.

Application was made by the appellant at general term, before Judge C. P. DALY, ROBINSON and LARREMORE, for liberty to go the court of appeals, which motion was denied.