[No. 6,619 —Department One.]

## A. PFISTER ET AL. v. HARRY WADE ET AL.

INTERPLEADER.—An interpleader will be sustained whenever it is necessary for the protection of a person, from whom several others claim legally or equitably the *same* thing, debt, or duty, but who has incurred no *independent liability* to any of them, and does not *himself claim an interest* in the matter; and it is also essential that the plaintiff shall be ignorant of the rights of the parties, or at least that there be some doubt as to which is entitled, so that he cannot safely pay to either.

ID.—The plaintiffs purchased of T. wheat in the possession of W., and upon which the latter claimed a lien, and the latter delivered the wheat to the plaintiffs upon the condition that they should retain out of the purchase-money due from them to T. any sum of money due to W. Afterward T. assigned to B. his claim against plaintiffs on account of the wheat.

In an action to compel W. and B. to interplead with regard to their respective claims, *held*, that the action was not maintainable, because it

appeared from the complaint, that the plaintiffs were not mere stake-holders, without any interest or claim of interest in the fund; that the claims of defendants were not identical in amount, did not relate to the same debt or duty, and arose out of separate and independent contracts; that the plaintiffs had acknowledged the validity to some extent of the claim of one of the defendants, and incurred a separate liability to him; and that the plaintiffs were not ignorant of the facts upon which the claims of defendants respectively were based.

APPEAL from a judgment for the plaintiff, in the Twentieth District Court, County of Santa Clara. BELDEN, J.

*M. Lynch*, for Appellants.

*Burt & Pfister*, for Respondents.

*Houghton & Reynolds*, for Respondent Wade.

McKINSTRY, J.:

The complaint is as follows:

"Plaintiffs above named complain of defendants above named, and for cause of action aver:

"That said plaintiffs for several years last past have been and now are copartners, doing business under the firm-name and style of A. Pfister & Co. at the City of San José, in the County of Santa Clara, State of California. That on or about the 31st day of December, A. D. 1877, said plaintiffs purchased of one William Trenouth, the assignor of defendant Bliss above named, a certain quantity of wheat then being in the warehouse of defendant Wade above named, at or near Alviso, in the said County of Santa Clara, amounting to 128,438 pounds, for which said plaintiffs agreed to pay the said Trenouth the sum of $2,889.85 gold coin of the United States, subject to certain conditions upon the delivery of said wheat.

"That the said wheat has been delivered to said plaintiffs, and there is now due from them on account thereof the sum of $2,889.85 gold coin of the United States.

"That said Wade, before the delivery of said wheat to said plaintiffs, claimed a lien upon said wheat by way of pledge to secure the sum of $2,657.53 gold coin of the United States, alleged to be due from the said Trenouth to him, the said Wade, and refused to deliver up the same except upon the condition that the said plaintiffs would retain out of the purchase-money

arising from the sale of said wheat any sum of money due to said Wade, and pay over to the said Trenouth only the balance of the said purchase-money remaining thereafter. That afterward, to wit, on or before the 10th day of January, A. D. 1878, said defendant Bliss notified said plaintiffs that the said Trenouth had assigned and set over to him, said Bliss, all his claim against said plaintiffs for and on account of said wheat; and afterward said Bliss further notified said plaintiffs that he, the said Bliss, claimed the whole amount due upon said wheat from said plaintiffs, and recognized no claim on the part of the said Wade. That said Wade now threatens to sue said plaintiffs for the amount that he claims to be due to him, and the said Bliss threatens to sue plaintiffs for the whole amount due upon said wheat.

" That said plaintiffs have always been and now are ready and willing to pay over the money due upon said wheat to the party or parties lawfully entitled to receive the same, and to whom they could pay the. same with safety ; and they hereby offer to pay the same into court.

" That said plaintiffs do not in any respect collude with either of the said defendants touching the matter in question in this cause ; that they have not exhibited this bill or complaint at the request of such defendants, or either of them, and that they have not been indemnified by such defendants, or any or either of them, but merely of their own free-will, and to avoid being molested and injured touching the matters contained in such bill.

" Wherefore, as your plaintiffs can have adequate relief only in this Court, to the end that the said defendants may interplead and settle their rights to the said sum of money, and that your plaintiffs may pay the same into court, and that said defendants may be restrained from commencing any suit against said plaintiffs touching the premises, and that plaintiffs may pay into court such amount and procure said defendants to interplead according to the course of this Court, and that they may be discharged from all liability to said defendants, or either of them, and may have their costs herein, or that such other or further relief as to the Court may seem just and proper may be granted them, a decree of this Court is prayed."

The allegations of the complaint did not authorize the Court below to enter a decree requiring defendants to *interplead*.

It is an inflexible rule, that the thing to which the parties make adverse claims must be one and the same thing; or, in other words, the claims must be identical. Where the claims made by the defendants are of different amounts, *they never can be identical.* (4 Wait's Actions and Defenses, 153.) Here the plaintiff alleges in his complaint that two hundred and thirty-two dollars of the amount he asks to pay into court is not claimed by defendant Wade, but is due without question to defendant Bliss; while the latter claims the whole amount. So plain a violation of an " inflexible rule " ought not to be upheld. There may indeed be cases in which all the fund—where a plaintiff sustains to it the mere relation of a trustee or stake-holder—may not be claimed by *each* of the defendants; but it must appear at least that the defendants assert adverse claims to all and every part of it. (*School District* v. *Weston*, 31 Mich. 85.) It is an undeviating rule, that where the plaintiff raises any questions as to the amount of the claim, which is the subject of litigation, this alone will be fatal to the right to the remedy. (*Diplock* v. *Hammond*, 27 Eng. L. & Eq. 202.)

But the complaint fails to show the identity of the claims in other respects. The averments are, that defendant Bliss, as assignee of Trenouth, the vendor, claims the price of the wheat; but that defendant Wade claims a certain sum from plaintiffs as the consideration for an assignment of his rights as pledgee, or upon a contract, by virtue of which, in consideration that said defendant would deliver the wheat to plaintiffs, and thereby release his lien thereon, plaintiffs agreed to pay to Wade the amount of the lien. Defendant Wade is not alleged to claim that he is the assignee of the demand for the purchase-price of the wheat, in whole or in part of it. The claims of defendants are not the same, nor of the same nature. Each, as alleged, arises out of a separate and independent contract with the plaintiffs by defendants severally.

The contract with Wade was made by plaintiffs subsequently to their agreement to purchase, and neither Trenouth nor Bliss was a party to the Wade contract. If plaintiffs agreed "to retain out of the purchase-money arising from the sale of the

wheat any sum of money due to Wade," it does not appear that Trenouth assented to that arrangement, or admitted that any sum was due Wade. Plaintiffs cannot ask a court of equity to require the defendants to interplead, and thereby have determined whether Trenouth *formerly* owed Wade, and *how much.* If plaintiffs are indebted to Wade, it is not for so much wheat sold and delivered, but is upon a specific contract, by which they bound themselves to pay the amount of a lien, if any existed. The right to the remedy by interpleader is founded, however, not on the consideration that a man may be subjected to double liability, but on the fact that he is threatened with double vexation in respect to one liability. (*East & West India Dock Co.* v. *Littledale,* 7 Hare, 60 ; *Great Southern etc. R. R. Co.* v. *Corry,* 15 W. R. 651; Wait, 154.)

A vendee sued by his vendor for the price of goods, and by a third party in trover for their value, cannot maintain an interpleader suit, since the claims made against him are not identical ; the one seeking to have the benefit of a contract, the other claiming the value of chattels which are the subject of it. (*Slaney* v. *Sidney,* 14 Mees. & W. 800.)

A. deposited certain iron with B. & Co., who were wharfingers, and afterward directed them to deliver it to C. C. applied to B. & Co. to know the particulars of the iron held by them on his account; and B. & Co. then wrote a letter to C., saying, that in compliance with his request they annexed a note of the landing-weights of the iron transferred into his name by A., and now held by them (B. & Co.) at his (C.'s) disposal. B. & Co. subsequently received notice from D. that the iron belonged to him, and that it had been deposited with A., as an agent, for sale, and that he had, without authority, pledged it to C. B. & Co. then filed a bill of interpleader against C. and D. *Held,* on demurrer, (affirming the decision of the Court below) that after B. & Co.'s letter to C., they could not maintain a bill of interpleader against him. (*Crawshay* v. *Thornton,* 2 Mylne & C. 1.) During the argument of the case last cited, Lord Cottenham remarked : " If what has taken place amounts to an independent contract, (between the wharfingers and the assignee of the original depositor) it is one which cannot be decided between the parties to this suit " (p. 14.) And in giving judgment, the

chancellor said: "The case tendered by every such bill of interpleader ought to be, that the whole of the rights claimed by the defendants may be properly determined by litigation between them, and that the plaintiffs are not under any liabilities to either of the defendants beyond those which arise from the title to the property in contest; because, if the plaintiffs have come under any personal obligation, independently of the question of property, so that either of the defendants may recover against them at law, without establishing a right to the property, it is obvious that no litigation between the defendants can ascertain their respective rights as against the plaintiffs; and the injunction, which is, of course, if the case be a proper subject for interpleader, would deprive a defendant having such a case, beyond the question of property, of part of his legal remedy, with the possibility at least of failing in the contest with his codefendant, in which case the injunction would deprive him of a legal right, without affording him any equivalent or compensation. Such a case, undoubtedly, would not be a case for interpleader. A party may be induced by the misrepresentation of the apparent owner of the property, to enter into personal obligations with respect to it, from which he may be entitled to be released by a court of equity, but such a case could not be a subject for interpleader between the real and pretended owners. In such a case, the plaintiff would be asserting an equity for relief from a personal contract against one of the defendants with which the other would have nothing to do."

The complaint does not allege in terms that the plaintiffs promised to and agreed with defendant Wade that they would "retain out of the purchase-money arising from the sale of said wheat any sum of money due to said Wade" from Trenouth. If there was no such agreement on their part, and if Wade voluntarily relinquished his lien and delivered the wheat to the purchaser, it is clear that Wade cannot assert any claim to any portion of the purchase-money in the hands of plaintiffs, and that plaintiffs know it. If, on the other hand, the complaint is to be construed as averring a promise by plaintiffs to pay to Wade the amount of his lien, as the consideration of a transfer of the possession, it is equally clear that plaintiffs, by an independent contract with Wade, have assumed the position of

successors in interest to him. They have, by that contract, also taken a stand antagonistic to defendant Bliss, to the extent of any lien the benefit of which has been assigned to them. The plaintiff in an interpleader case must appear to have no interest in the subject-matter. (*Lincoln* v. *Rutland etc. R. R. Co.* 24 Vt. 639; *Bedell* v. *Hoffman*, 2 Paige, 199.) Plaintiffs do not occupy the place of mere stakeholders, but have adversary interests to those of Bliss, which cannot be determined in an issue joined between the defendants.

The case of *Glyn* v. *Duesbury*, (11 Sim. Ch. 139) was this: Duesbury, an architect and surveyor, brought an action against Glyn, his employer, for £155, the amount of a running account between them; one item of which, £76, Duesbury had paid to a third party at the request of Haynes, a contractor, to whom it was due for plumber's work done for Glyn. Haynes having taken the benefit of the Insolvent Debtors' Act, his assignee demanded the £76 of Glyn, insisting· that the payment to the third party was invalid. Glyn paid into Court £79, being the £155 minus £76. Duesbury took the £79 out of Court, and proceeded with his action. Glyn then filed a bill of interpleader against Duesbury and the assignee of Haynes, respecting the £76. *Held*, that the bill was not sustainable. Sir Lancelot Shadwell, V. C., said: "A case of interpleader then arises where the same subject, whether debt, duty, or thing, is claimed. Now, when the subject in dispute has a bodily existence, no difficulty can arise on the ground of identity, for no dispute can arise as to the identity of matter. But, where the subject in dispute is a chose in action, which has no bodily existence, it becomes necessary to determine what constitutes identity. Where the claims made by the defendants are of different amounts, they never can be identical; but where they are the same in amount, that circumstance goes far to determine their identity. The amount, however, may not be sufficient of itself to determine the identity; for the amount may be the same and the debt may be different.

"In this case, Haynes having become insolvent, Obbard, as his assignee, claims a debt due for work and labor done by him for the plaintiff; and Duesbury, who was the plaintiff's agent, and who superintended the works, claims a debt due to him from

the plaintiff in respect of his having paid certain moneys on the plaintiff's account, amongst which is included a sum paid by him to or on account of Haynes, for work and labor done, and the question is, whether the debt or duty claimed by Duesbury is the same as that claimed by Obbard. It appears to me that, although there is a complication of circumstances which *prima facie* give color to the assertion that the two sums are, substantially, the same debt, yet, if Duesbury had brought an action against the plaintiff, and had, in that action, recovered the whole amount of what he claimed, that would not have prevented Obbard, in right of Haynes, from bringing his action and recovering, even although the amounts might be the same. Suppose that Duesbury's claim of debt had originally arisen from one set of circumstances, and Obbard's claim from another source, could the plaintiff, by paying the debt to Duesbury, be morally and conscientiously said to have paid the debt to Haynes; or, *vice versa*, if he had paid Haynes, might not Duesbury have recovered?

" The matter, I think, must depend on the original nature and constitution of the debt; and when the debt to Duesbury arose in respect of acts done by him in his character of architect and surveyor to the plaintiff, and the debt to Haynes in respect of work and labor done, I do not see how the two debts can be the same. It seems to me that they are originally and substantially different in their nature ; and, therefore, that they cannot be properly made the subject of a bill of interpleader. The consequence is, that the injunction must be dissolved."

Mr. Wait, in his work upon " Actions and Defenses," lays down as a rule : " An interpleader will be sustained whenever it is necessary for the protection of a person from whom several others claim, legally or equitably, the *same* thing, debt, or duty, but who has incurred no *independent liability* to any of them, and does not *himself claim an interest* in the matter. (Act. and Def., p. 150 ; *Cady* v. *Potter*, 55 Barb. 463 ; *Barry* v. *Mut. Life Ins. Co.* 53 N. Y. 536. See also other cases cited in the same section.) Here, as we have seen, plaintiffs are not mere stakeholders, but have an interest, to the extent of the lien of the pledgee, as alleged assignees of defendant Wade; the asserted duty due from plaintiffs to the defendants respectively

is not identical, and plaintiffs have entered into a several and independent contract with each of the defendants.

There is another reason why the present bill cannot be maintained. It is essential to the right of interpleader, that the person standing in the position of a stakeholder is ignorant of the rights of the different claimants to the fund held by him, or, at least, that there is some doubt as to which of them is entitled to the fund, so that he cannot safely pay it to either. (*Dreyer* v. *Ranch*, 42 How. Pr. 22; *Strange* v. *Bell*, 11 Ga. 103; *Dreyer* v. *Ranch*, 10 Abb. N. S. 243; *Bell* v. *Hunt*, 3 Barb. Ch. 391; *Dreyer* v. *Ranch*, 4 Daly, 434.)

Plaintiffs here cannot be permitted to claim that they are ignorant of the *facts* upon which the claims of defendants respectively are based. They know that defendant Bliss demands the price of the wheat; they know also, or must be held to know, what sum they became bound to pay to defendant Wade, when they obtained possession of the wheat. From these facts no such reasonable doubt as to the law arises as can justify a resort to the remedy here sought.

The plaintiffs have acknowledged a right by way of lien, in some sum, in defendant Wade, by taking a transfer from him, with the promise to pay him the sum, whatever it may be, for which he had the property in pawn. Thus they have incurred a separate liability to him; while they have assumed such an obligation as compels them for their own protection to contest the right of defendant Bliss to a portion of the purchase-price.

To recapitulate : It appears from the complaint, that plaintiffs are not mere stakeholders, without any interest or claim of interest in the fund; that the claims of defendants are not identical in *amount;* that the claims, in other respects, do not relate to the same debt or duty; that the plaintiffs have acknowledged the validity, to some extent, of the claim of one of the defendants, and incurred a separate liability to him ; that the claims of each of defendants arises out of a separate and independent contract.

Judgment reveresd.

Ross, J., and McKee, J., concurred.