(November 16, 1893.)

McCAULEY v. SEARS ET AL.

[34 Pac. 814.]

SUBSTITUTION OF DEFENDANTS—SECTION 4109 OF THE REVISED STATUTES CONSTRUED.—To authorize substitution of defendants under section 4109 of the Revised Statutes of Idaho, the claims must be identical; they must arise upon, or seek recovery upon, the same contract. Where two suitors are seeking to recover from a general debtor, the one upon express contract and the other upon garnishment, there is no such indemnity of claims as is contemplated by, or essential to, the invocation of the provisions of section 4100.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

Hagan & Beale, for Appellant.

It will be perceived, upon investigation of the cause, that the singular anomaly is here presented of a judgment against parties whose demurrer had been sustained, and against whom the plaintiff seeks no relief whatever. We suppose that the action of the court is sought to be justified under section 4109 or section 4110 of the Revised Statutes of Idaho. The proceedings herein do not come under this section. There is no action pending, nor was there any action ever pending against appellants upon any contract or for specific personal property. This court has decided long since the remedy against the garnishment for money in his possession. (Rev. Stats., sec. 4510; *Lindenthal v. Burke,* 2 Idaho, 571, 21 Pac. 419.)

W. T. Stoll, for Respondent.

The appellants have appealed from the judgment of the respondent. They have not appealed from the order of the court substituting appellants as defendants in the court below; hence this court cannot now review the action of the court below in making such substitution. Nor does it appear by the record that the appellants excepted at any time, or that they ever objected to the order of substitution that they now complain of. On the other hand, it appears that they acquiesced in it by appearing and taking time to answer. (Rev. Stats., sec. 4824.) Wherefore, this appeal, I contend, is limited to the simple proposition as to whether the court had power to render the judgment in favor of the respondent. A defendant, by appearing without objecting or excepting to the sufficiency of the process, will be considered to have waived any objections thereto. (*Cartwright v. Chabert,* 3 Tex. 261, 49 Am. Dec. 742; *Hanna v. McKenzie,* 5 B. Mon. 314, 43 Am. Dec. 122.) And again, after appearance by the defendant, the process will not be set aside, even though it be void, and though the defendant appeared in ignorance of that fact. (*Pixley v. Winchell,* 7 Cow. 366, 17 Am. Dec. 525.)

HUSTON, C. J.—Plaintiff brought action against the appellants and the Coeur d'Alene Silver Lead Mining Company. The complaint alleges that on the second day of July, 1890, John Bresnaham was indebted to the plaintiff in the sum of $122.50;

that the Coeur d'Alene Silver Lead Mining Company on said day was indebted to the said Bresnaham in the sum of $2,200, whereupon said Bresnaham gave to the plaintiff in payment of his said claim an order directed to the Coeur d'Alene Silver Lead Mining Company, demanding and requesting it to pay to the plaintiff the said sum of $122.50; that thereupon, on said day, the said Coeur d'Alene Silver Lead Mining Company, defendant herein, by its duly authorized agent, promised and agreed to pay the plaintiff said sum of $122.50; that, though requested so to do, the defendant has not paid the same, or any part thereof. The complaint then proceeds to set forth various other causes of action in favor of plaintiff and against said Coeur d'Alene Silver Lead Mining Company, all of which are predicated upon orders drawn by said Bresnaham upon said Coeur d'Alene Silver Lead Mining Company in favor of various parties, and by such parties assigned to plaintiff, and accepted and agreed to be paid by said company; which various orders aggregate the sum of $972.85. Then follows the following allegation in the complaint: "That the defendant, Charles F. Sears and John Doe Barger, copartners doing business as Barger & Sears, have commenced an action in the above-entitled court against the said John Bresnaham, and have had a writ of attachment issued therein and served upon the Coeur d'Alene Silver Lead Mining Company, by which they claim to have some lien upon the money so owing as aforesaid by the defendant, the Coeur d'Alene Silver Lead Mining Company, to the said John Bresnaham, or some interest therein; wherefore the plaintiff prays judgment against the said Coeur d'Alene Silver Lead Mining Company for the sum of $922.85 and costs of this suit; that the defendants, Barger and Sears, may be required to set up and state in their answer to this complaint any claim they may have to the money hereby sued for, or be forever barred from so doing; for such other relief as to the court may seem meet and proper." The defendants, Barger & Sears, demurred generally to the complaint for want of facts sufficient to sustain a cause of action, and also upon the ground of misjoinder of causes of action and misjoinder of parties. This demurrer was sustained by the court, and the action was dismissed as to the defendants, Barger & Sears. Subsequently, upon the filing of

an affidavit on the part of the Coeur d'Alene Silver Lead Mining Company, under the provisions of section 4109 of the Revised Statutes of Idaho, an order was made by the court, on motion of the said defendant company, substituting the said Barger & Sears as defendants in said action in place of said Coeur d'Alene Silver Lead Mining Company upon the depositing with the clerk of the court by said company of the sum of $972.85. This order was served upon Barger & Sears, but they neither answered nor demurred thereto, and their default was duly entered, and thereafter, on the twenty-third day of April, 1892, after setting forth an epitome of the proceedings as above given, the court entered the following judgment: "Wherefore, on motion of plaintiff's attorney, W. T. Stoll, for judgment, it is ordered and adjudged that the plaintiff, James McCauley, do have and recover of and from the defendants Charles F. Sears and Harry Barger, copartners as Barger & Sears, the sum of $972.85, together with his costs of this action, taxed at $———, and that the clerk of this court pay to the said plaintiff or his attorney said sum of $972.85 so deposited as aforesaid by said Coeur d'Alene Silver Lead Mining Company in payment and satisfaction thereof."

This case seems to have been heard and determined as one coming under the provisions of section 4109 of the Revised Statutes of this state. That section is as follows:

"Sec. 4109. A defendant against whom an action is pending upon a contract, or for specific personal property, may, at any time before answer, upon affidavit that a person not a party to the action makes against him, and without any collusion with him, a demand upon the same contract, or for the same property, upon notice to such person and the adverse party, apply to the court for an order to substitute such person in his place, and discharge him from liability to either party, on his depositing in court the amount claimed on the contract, or delivering the property or its value, to such person as the court may direct; and the court may, in its discretion, make the order."

The second paragraph of the complaint avers, *inter alia*, "that on said day [July 2, 1890] the Coeur d'Alene Silver Lead Mining Company was indebted to the said Bresnaham in the

sum of $2,200.00"; the claim of the plaintiff by virtue of the several orders of Bresnaham upon said company, and accepted by said company, amounts to the sum of $972.85. What amount was claimed by Barger & Sears against Bresnaham is not disclosed by the record, nor does the record disclose the amount due from said company to Bresnaham at the time the attachment in favor of Barger & Sears was served upon them. The affidavit of Clark, made on behalf of the Coeur d'Alene Silver Lead Mining Company, is as follows:

"State of Idaho,  } ss.
County of Shoshone. }

"[Title of Court and Cause.]

"Patrick Clark, being duly sworn, on his oath says that he is the general manager of the defendant, the Coeur d'Alene Silver Lead Mining Company. That said defendant is a corporation duly organized in the state of Montana under the laws thereof. That Charles F. Sears and Barger, partners under the name of Barger & Sears, without any collusion with this defendant, made a demand upon this defendant for the same fund sued upon in this action, and prior to bringing this action had caused papers in attachment to be served upon this defendant, thereby asserting that this defendant was attached as a debtor of the John Bresnaham mentioned in the complaint. That this defendant has no interest in the fund sued upon of $972.85 of the $2,200 alleged to be owing said Bresnaham, and should not be burdened with the expense of litigating about the same, and is desirous of availing itself of the provisions and benefits of section 4109 of the Revised Statutes of Idaho; and thereupon prays the court to make an order authorizing it to make deposit of said fund in court, subject to the retention by the clerk of all the costs which have accrued to this date of such order in this action.

.           "PATRICK CLARK."

"Subscribed and sworn to before me, June 11, 1891.
"[Seal]                    H. M. DAVENPORT,
                              "Notary Public.

"Filed June 26, 1891."

There was no fund in question, and, if there were, there is no identity shown of the fund sued upon and that stated by Clark in his affidavit, for the former is stated to be $2,200, while the latter is said to be "$972.85 of the $2,200 alleged to be owing said Bresnaham." Clark states in his affidavit that prior to the commencement of this action by plaintiff, Barger & Sears had commenced an action against Bresnaham and had served attachment papers upon the company, but for what amount they had sued, or whether such suit was instituted before or after the acceptance of the orders upon which the action of plaintiff is brought, does not appear. It will readily be seen, if the orders were accepted by the company after the service of the attachment, the company cannot evade its liability under the attachment by urging the subsequent acceptance of the orders given by Bresnaham. From aught that appears in the record, the sum owing from the company to Bresnaham at the time this suit was instituted was sufficient to pay both the claim of plaintiff and of Barger & Sears. In the case of *Pfister v. Wade,* 56 Cal. 43, which was an action brought upon a statute from which section 4109 of the Revised Statutes of Idaho was copied, the court say: "It is an inflexible rule that the thing to which the parties make adverse claims must be one and the same thing; or, in other words, the claims must be identical. Where the claims made by the defendants are of different amounts, they never can be identical." The object and purpose of the statute is to protect the party from double vexation in respect to one liability. No such contingency arises in this case as shown by the record. The liability of the company to pay the claims of the plaintiff was fixed by its acceptance of the orders given by Bresnaham, and its liability to Barger & Sears by its answer to the writ of attachment or garnishment. The record fails to show any identity of the claims by Barger & Sears and that of the plaintiff; nor does the record show the essential fact that the claims arose from one contract; nor is it inferable from the record that the claim of Barger & Sears was in any way connected with, or the liability of the mining company to pay the same in any way dependent upon, its liability to pay the claim of plaintiff. How can it be said, under the facts as shown by the record in this case, that Barger & Sears

and the plaintiff were pursuing and seeking to recover the same fund? The claim of plaintiff, as shown by the record, was $972.85, while the record fails to show either the character or amount of the claim of Barger & Sears. The amount due Bresnaham from the company appears to have been $2,200. Now, which was the fund? What was the amount required to be paid into court by the silver lead mining company under the provisions of section 4109? A casual consideration of these propositions will show that the case is not one covered either by the statute or the rules governing the equitable remedy of interpleader. (*Pfister v. Wade,* 56 Cal. 43; *Shaw v. Coster,* 8 Paige, 339, 35 Am. Dec. 695, and notes.)

The depositing in court by the company of the sum of $972.85 was no compliance with the provision of section 4109, as it does not appear, nor is there anything in the record upon which the assumption can be predicated, that that was the amount due from the company to Bresnaham, or that it was the amount due from Bresnaham to Barger & Sears, and for which the latter had attached the company. There being no authority in the district court, as the case is presented by the record, to enter judgment against Barger & Sears, such judgment is reversed, and the case remanded to the district court for further proceedings.

Morgan and Sullivan, JJ., concur.