MIGUEL OLMEDO, Plff.,

*v.*

JOSE ROMERO AND E. B. WILCOX, Dfts.

---

San Juan, Law, No. 1177.

INTERPLEADER AT LAW.

Pleading—Demurrer.

1. A demurrer to a complaint on the ground that the suit is prematurely brought because the mandate in a related case has

NOTE.—On right of attorney to recover on quantum meruit for services rendered under illegal or champertous contract, see notes in 2 L.R.A.(N.S.) 261, and 38 L.R.A.(N.S.) 1202.

Olmedo v. Romero.

not been received from the circuit court of appeals will not be sustained. In an appeal from this court to the circuit court of appeals, the rights of the parties for all substantial purposes become fixed at the time the latter court renders judgment, and not at the time the mandate is received in this court.

Pleading—Demurrer—Attorneys' Fees.

2. While it has been held that where an attorney has been discharged from the case, his right against the client cannot be upon the contract, that not having been carried out, but upon a quantum meruit, if the attorney is unjustifiably discharged he may sue upon the contract.

Interpleader.

3. Section 70 of the Code of Civil Procedure contemplates the bringing in of a person not already a party to the action, and § 71, that a person subject to two conflicting claims may bring an action against both claimants to compel them to interplead.

Interpleader—Identity of Object.

4. To compel parties to interplead it is an inflexible rule that the thing to which parties make adverse claims must be identical, and where the claims are of different amounts they are not identical.

Opinion filed February 8, 1917.

————

*Messrs. Francis & Soto* for plaintiff.

*Mr. Frank Martinez* for defendant Romero.

*Mr. J. H. F. Savage* for defendant Wilcox.

HAMILTON, Judge, delivered the following opinion:

This is a three-cornered litigation, in which the plaintiff alleged in his complaint that he was employed with defendant Wilcox to prosecute certain litigation for defendant Romero.

Olmedo v. Romero.

Under the terms of the contract, which is annexed to the complaint, the two attorneys were to receive 50 per cent of the recovery and out of it pay the legal costs of litigation. During the progress of the case Olmedo was eliminated as an attorney, and the case proceeded in charge of defendant, Wilcox. A verdict of $21,080 was finally on November 16, 1915, recovered, and on appeal to the circuit court of appeals the judgment was affirmed. This affirmance was on January 5, 1917, but the usual mandate has not yet come down. In January there was a settlement between Romero and Wilcox, which shows a deduction of expenses, including attorneys' fees, and a division of the net balance between the attorney and the client. Thereafter, on January 16, the present case was filed, in which Olmedo seeks to recover $5,270 compensation under the above contract, and by order of court some $5,500 was attached by a direction to the defendants in the original case to deposit that amount in court in this case as a part of the satisfaction of the judgment in the original suit.

The matter now comes up on a motion of defendant Romero to be dismissed from the case, and that the case proceed as on interpleader between plaintiff Olmedo and defendant Wilcox, and also comes up on a demurrer of defendant Wilcox to the complaint.

1. Taking up first the demurrer, it is alleged amongst other grounds that this suit is prematurely brought in that no mandate has come down, and therefore that the time fixed in the contract for payment has not arrived. This conclusion, however, does not follow. It would certainly be bad policy to leave questions of this character open for the length of time consumed in practice between the rendition of the judgment in the circuit

court of appeals and the arrival of the mandate in Porto Rico. The mandate is not superior to the judgment. What was contemplated by the contract at bar was not the issue of a mandate, but the rendition of a final judgment. The opinion of the circuit court of appeals is on file in this court, and shows that the judgment is affirmed without any change. The entry to be made upon the arrival of the mandate cannot and will not vary this in any particular. It would be doing violence to the intention of the parties to hold that the winning of the suit is dependent upon the mandate, and not upon the judgment of the other court. The point at present before the court, moreover, is not the technical one as to when a case goes off the docket, but the practical one of when the rights of the parties under the contract are to be held as fixed. It is a question of right, and not of practice. For all substantial purposes at least the rights became fixed by the affirmance in the circuit court of appeals. At that time the right of the attorney to his share of the recovery became vested. The suit, therefore, is not prematurely brought.

2. The demurrer may also be overruled upon the other points named in it. The principal one of these perhaps is that the suit may be construed as one for quantum meruit. It has been held that, where an attorney has been discharged from the case, his right against the client is not upon the contract, because that has not been fully carried out, but for services actually rendered. Louque v. Dejan, 129 La. 519, 38 L.R.A.(N.S.) 389, 56 So. 427, 2 R. C. L. 1049. Whatever be the merits of this contention, the complaint does not seem to be based upon a claim of quantum meruit. It is by its terms based upon the contract of December, 1912, and claims a compliance therewith

until June 1, 1914, when, as is alleged, Romero and Wilcox unjustifiably eliminated the plaintiff from connection with said action. This would seem to be a proper construction of the complaint, and the plaintiff's attorney, upon the argument, admitted that the suit was brought upon this basis alone. Whatever be the result of this, therefore, such construction of the complaint will be maintained, and the demurrer based upon the view that the plaintiff's claim is against Romero alone cannot be sustained. The demurrer as a whole will be overruled.

Considering the question of defendant Romero's elimination, it may be observed:

3. The motion of defendant Romero for elimination is based upon the liquidation had between him and defendant Wilcox on January 13, 1917, which shows that $7,975.00 was to go to Wilcox and a similar amount to Romero, being the net amount after deducting all expenses and other disbursements incurred in the litigation, amounting to $8,929. This obviously proceeded upon the idea, set out in the motion, that plaintiff Olmedo was entitled to no part of the recovery. The offer of defendant Romero is that said amount of $7,975 be ordered deposited with the clerk as part of the collection of the judgment in the main suit, and that thereupon defendant Romero be eliminated as one of the defendants in this case, the $7,975 being left to be litigated between the really interested parties, Wilcox and Olmedo. This action was taken under § 70 and perhaps § 71 of the Code of Civil Procedure, which are as follows:

Sec. 70. "A defendant against whom an action is pending upon a contract, or for specific personal property, may, at any time before answer, upon affidavit that a person not a party to the action makes against him, and without any collusion with

him, makes a demand upon the same contract, or for the same property, upon a notice to such person and the adverse party, apply to the court for an order to substitute such person in his place, and discharge him from liability to either party, on his depositing in court the amount claimed on the contract, or delivering the property, or its value, to such person as the court may direct; and the court may, in its discretion, make the order."

Sec. 71. "Whenever conflicting claims are or may be made upon a person for or relating to personal property, or the performance of an obligation, or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves. The order of substitution may be made, and the action of interpleader may be maintained, and the applicant or plaintiff be discharged from liability to all or any of the conflicting claimants, although their titles or claims have not a common origin, or are not identical, but are adverse to and independent of one another."

Upon the argument it was apparent that the claim of the plaintiff was not for a half of $7,975, and thereupon in open court defendant Romero offered to have $13,000 deposited in court, and asked that he be eliminated as a defendant. The motion certainly does not come within the terms of either section. Section 70 contemplates the bringing in of a person not a party to the action, while the motion at bar relates to a person already a party to the action; to wit, defendant Wilcox. Section 71 contemplates that a person subject to conflicting claims may bring an action against both claimants to compel them to interplead, and thereupon follows substitution. The motion at bar does

not amount to bringing an action against such conflicting claimants.

4. May not, however, a defendant compel interpleader by persons who are already parties to the suit, if the defendant in question is willing to leave the fund claimed in the custody of the court? The object of the notice provided for by § 70 and of the suit provided for by § 71 is to bring the conflicting claimants into court. If they are already in court, is the court shorn of its power to carry out the substantial part of the proceeding contemplated by §§ 70 and 71? Can it not, under such circumstances, make the real parties litigate between themselves and eliminate the nominal party? Courts have a large discretion over the parties to a suit and clearly in equity, and probably at law, should mold or direct their process so as to secure substantial justice and unnecessary formality. In the case at bar, however, the occasion does not seem ripe for the exercise of such discretion; the same fund or thing must be in issue. 23 Cyc. 353. The formal offer of defendant Romero is to have $7,975 deposited in this suit, which is to be collected in another suit in which he has been successful; while, on the other hand, plaintiff Olmedo and defendant Wilcox differ entirely as to the basis of Olmedo's claim, conceding that he has any. Olmedo's claim is against Romero and Wilcox as controlling together a fund in which he claims to have an interest. The claim set out in the complaint is under the contract of December, 1912, while the motion of Romero, and exhibit, show a different arrangement in January, 1917, and defendant Wilcox has not yet answered and makes no showing at all of his version of the transaction. It cannot be said, therefore, that a proper case of interpleader is presented. The three parties are not only already in court, but,

Olmedo v. Romero.

so far as is developed, present different versions of the arrangement between them. So far as the pleadings, therefore, show, it is not one fund or one thing about which they are litigating, which would be necessary under any form of interpleading.

It is an inflexible rule that the thing to which parties make adverse claims must be one and the same thing; or, in other words, the claims must be identical. Where the claims made by the defendants are of different amounts, they never can be identical. Pfister v. Wade, 56 Cal. 43, 46.

It follows that the demurrer is overruled and the motion denied, and it is so ordered.