MUTUAL LIFE INS. CO., Plaintiff, v. LILLIE
RICHARDS, Respondent; JESSE REYNOLDS,
Appellant.

### St. Louis Court of Appeals, February 17, 1903.

Life Insurance: ASSIGNMENT OF POLICY: INTEREST OF AS-
SIGNEE. An assignment of a life policy to one paying premiums,
but having no other insurable interest in the life, though absolute
in form, gives him an interest in the policy only to the extent of
the payments.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,*
Judge.

AFFIRMED.

*L. R. Thomason* for appellant.

(1)   We are of the opinion that it is well settled
as the law of this State that a policy of insurance may
be assigned, although the assignee has no pecuniary
interest in the life of the assured, and where the as-
signment is executed by both the assured and benefici-
ary for a valid consideration, absolute and uncondi-
tional, the assignee is entitled to the whole of the pro-
ceeds of said policy.   Such is the holding of McFarland,
Admr. v. Creath, 35 Mo. App. 122; St. John v. Amer-
ican Mut. Ins. Co., 13 N. Y. 31; Valton v. Life Ins.
Co., 26 N. Y. 32; Olmstead v. Keys, 85 N. Y. 593.   (2)
These rulings are in keeping with the highest courts of
other states, as instanced in the   following   reports:
Ashly v. Ashly, 3 Sim. 149; Life Ins. Co., v. Allen, 138
Mass. 24; Eckel v. Renner, 41 Ohio 232; Martin v.
Stubbings, 126 Ill. 387; Fitzpatrick v. Life Ins. Co.,
56 Conn. 116; Clark v. Allen, 11 R. I. 439; Rittler v.
Smith, 70 Md. 261; Murphy v. Reed, 64 Miss. 614.

*William N. Barron* for respondent.

An insurance policy payable to one who has no insurable interest in the life of the assured, is a speculation.. A speculation by one party on the life of another is against public policy and void. A premium insurance policy, made, either originally or subsequently by assignment, payable to one who has no insurable interest in the life of the assured, but who has a pecuniary interest in such life, will be upheld only to the extent of the advancements made by the assignee, which the policy was intended to secure, and any subsequent advancement made on the faith of the policy. Whitmore v. Sup. Lodge, 100 Mo. 36; Heusner v. Life Ins. Co., 47 Mo. App. 336; The Masonic Ben. Assn. v. Bunch, 109 Mo. 560; Ins. Co. v. Rosenheim, 56 Mo. App. 27.

GOODE, J.—Both Lillie Richards, the respondent, and Jesse Reynolds, the appellant, demanded the proceeds of a certain insurance policy issued by the Mutual Life Insurance Company, May 27, 1899, on the. life of Stephen F. Richards, whereby said company promised to pay Lillie Richards the sum of two thousand dollars at the death of said Stephen on receipt of satisfactory proof of his death. The insured died December 3, 1901, while the policy was in force and satisfactory proof having been made, the insurance company filed a bill of interpleader in the circuit court of Butler county, paid the money into court and prayed that appellant and respondent be required to interplead for the fund and the company be discharged from further liability. An order to that effect was entered by the circuit court pursuant to which the appellant and respondent filed pleadings stating their respective claims of right to the insurance money.

Respondent's answer states that for many years she was the wife of Stephen F. Richards, and was still

his wife when he died; that the policy of insurance was taken out for her benefit and she was named as beneficiary therein; that Jesse Reynolds is not related by blood or marriage to the deceased, nor ever had any insurable interest in the latter's life. Her answer further states that on June 16, 1899, Reynolds advanced to the deceased the sum of $164.50, to secure payment of which said policy of insurance was assigned to Reynolds; that afterwards and during the life of the policy, to-wit, November 17, 1900, Reynolds advanced the further sum of $175.78 to secure the payment of which the policy was again assigned to Reynolds, whose aggregate advances, with interest, amounted to $359.19, that being the total interest he had in the proceeds of the policy which, the respondent averred, she was willing to have paid to him, praying that judgment be entered in Reynolds' favor for said sum and in her favor for the balance of the fund.

Reynolds' answer admits he was not related by blood or marriage to Richards and had no insurable interest in the latter's life by virtue of any relationship; also that Lillie Richards was the wife and is now the widow of said Richards, deceased. The answer denies that Reynolds advanced money for the purpose of paying premiums of said policy, but avers that he paid the premiums of said policy from time to time after the policy was assigned to him; that the payments were made for his benefit alone; that the assignment of the policy to him by the deceased and Lillie Richards was an unconditional and absolute assignment for a valuable consideration, and after it was made Lillie Richards had no interest whatever in the policy but that he (Reynolds) became and was the sole and exclusive owner thereof, not holding the same in trust for the benefit of said Lillie.

The evidence shows that when the policy was issued to Richards, the insured had no money with which to pay the first premium and that one Lederer asked

Reynolds to advance the premium and take the policy up for Richards. Reynolds agreed to do so provided the policy was assigned to him absolutely. Afterwards Reynolds paid the first premium and an assignment was executed by Richards and his wife, Richards saying he was satisfied if he died that Reynolds would do right by his wife. The policy was delivered to Reynolds who seems to have always kept it. Richards failed to pay the second premium, and Reynolds having discovered that fact wrote the company about it three or four months after the policy had lapsed for non-payment. The company notified him they had cancelled the policy. Reynolds then went to St. Louis and got the insurance reinstated, he paying the second premium and all the expense of reinstatement. At that time he took the second assignment from Richards and his wife. Reynolds says he told Mrs. Richards, when she said she ought to get something out of the policy, that he would relinquish his interest in it if any one would refund his money. He swears that in addition to the second premium he surrendered a note for thirteen dollars with interest due for three or four years to Richards, as part of the consideration for the reassignment of the policy. He also makes a claim for the interest on the premiums and an examiner's fee of three dollars paid at the date of the reinstatement of the policy, and three dollars and twenty cents for revenue stamps.

Both assignments were in the same form and we will set out the first one.

"For one dollar to me in hand paid and for other valuable considerations, the receipt of which is hereby acknowledged, I hereby assign, transfer, and set over to Jesse Reynolds, whose business address is Poplar Bluff, Butler county, Missouri, all my right, title and interest in this policy number 965,970, issued by the Mutual Life Insurance Company of New York, and for the consideration above expressed I do also, for my-

self, and for my executors and administrators, guarantee the validity and sufficiency of the foregoing assignment to the above named assignee, his executors, administrators and assigns and their title to the said policy will forever warrant and defend.

"Dated in Poplar Bluff, Missouri, this sixteenth day of June, 1899, in the presence of Simon Lederer.

(Signed)          "STEPHEN RICHARDS,

, "LILLY RICHARDS."

Mrs. Richards denied that she ever consented for Reynolds to have the full proceeds of the policy for paying the premiums, but admits that he demanded the full proceeds as the condition on which he would advance the premiums. She says she never agreed to it but simply walked out of his office when he made that demand. She admits, however, that thereafter she executed both the assignments.

Reynolds made out proofs of Richard's death in which he claimed the full amount of the insurance as assignee of the policy. Two questions in the proofs which he was required to answer were these:

"What insurable interest, if any, did you have in the life of the deceased?

"For advances made for premium.

"Give detailed statement of all money advanced by you and for what purposes advanced on said policy and state what debts, if any, said policy was assigned to secure?

"First premium, $164.58, and second premium $164.58, and interest $5, and examiner's fee $3; transfer stamps $3.20."

The circuit court found the respondent was entitled to $1,608.02 of the insurance money and the appellant to $391.98, and further found respondent had offered in open court to pay Reynolds said sum, which Reynolds had refused to accept; whereupon it was adjudged that the clerk of the court distribute and pay the sum of $2,000 in the following proportion: $1,608.02

to Lillie Richards, and $391.98 to Jesse Reynolds, taxing the costs against Reynolds.

An appeal was taken from that judgment by Reynolds.

We do not feel called on to review the various cases which appellant's counsel has cited to show the assignment to Reynolds vested the title to the entire proceeds of the insurance policy in him. That law prevails in certain States, among which are Rhode Island and New York; but according to the rule in this State, the interest acquired by Reynolds on account of advancements to pay premiums constituted all his interest in the insurance; further than that the assignments were obnoxious to public policy as being a speculation or wager on the life of the insured. This is the doctrine of the Supreme Court of the United States, of the Supreme Court of Missouri, and of this court as declared in many decisions. Singleton v. Ins. Co., 66 Mo. 63; Whitmore v. Supreme Lodge, 100 Mo. 36; Masonic Benefit Assn. v. Bunch, 109 Mo. 560; Heusner v. Ins. Co., 47 Mo. App. (St. L.) 336; Insurance Co. v. Rosenbaum, 56 Mo. App. (St. L.) 27; Warnock v. Davis, 104 U. S. 775. The three cases last cited are so nearly identical with the one at bar in all their important facts, that we deem it only necessary to refer to them for an elucidation of the reasons for prohibiting individuals having no insurable interest in the life of another from taking the benefit of insurance policies either by original issue or assignment, except in so far as is necessary to secure a debt owing to the assignee.

While the assignments in this case are proper in form, the proofs of loss made out by Reynolds show the nature and extent of his advancements and that the policy was assigned to him to secure those advancements.

A stipulation has been filed in this court reciting that the circuit court of Butler county made a clerical

error in entering the judgment and that the error may be corrected here. The transcript of the judgment on file here contains no such error as is mentioned in the stipulation, but is according to the statement of its contents made above.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.