HARTSOOK & HOME, Appellants, v. G. L. CHRISS-MAN, Defendant; J. F. HERRELL, Interpleader, Respondent.

Kansas City Court of Appeals, November 6, 1905.

INTERPLEADER: Personal Interest: Independent Claimants. One having a personal interest in a matter cannot maintain a bill of interpleader against conflicting claimants; nor can he maintain such bill where the claimants hold by independent titles not derived from a common source; and he must be free from liability to either of the claimants.

Appeal from Bates Circuit Court.—*Hon. W. W. Graves,* Judge.

REVERSED AND REMANDED (*with directions*).

*Thomas J. Smith* for appellants.

(1) It is respectfully submitted that the law is, if a real estate broker is the procuring cause of the sale, that is, finds the buyer, he is entitled to his commission. Ramsey v. West, 31 Mo. App. 676; Pollard v. Banks, 67 Mo. App. 187; Wright v. Brown, 68 Mo. App. 577; Marlatt v. Elliott, 77 Pac. 104. (2) The record in this case shows that the defendant, Chrissman, was not a disinterested stakeholder here, but that he came into court by his attorney, W. O. Jackson, asking to have J. F. Herrell made interpleader, and then by his attorney, W. O. Jackson, comes Mr. Herrell, interpleader, waives

process, enters his appearance and consents to trial at the term at which he comes in. No one is entitled to have or maintain a bill of interpleader, except he be disinterested as between the parties setting up claims to the fund. 2 Ency. P. & P., 458-9; Swan v. Bartlett, 82 Mo. App. 646. (3) This was not a case in which, under the facts disclosed in defendant's answer, an interpleader could properly be ordered by the court below. 2 Ency. Plead. & Prac., 459; Court v. Palmer, 107 Mo. App. 163; Atkinson v. Carter, 101 Mo. App. 483.

*W. O. Jackson* for interpleader, respondent.

(1) Hartsook & Home was by no means the inducing cause of the sale. They made an effort to make a sale to Garard and failed, after which Garard abandoned all idea of buying the farm, and it would not have been sold but for Herrell, who brought about the sale and consummated it. Wolf v. Rosenburg, 67 Mo. App. 403; Gambler v. Grethen, 108 Mo. App. 340. (2) When a buyer abandons all thought of buying the farm after an agent has tried to sell it to him, the owner may then sell it to the same person and not be liable to commission. Eark v. Cummins, 93 Am. D. 718; Doonan v. Ives, 73 Ga. 295; Mear v. Stone, 44 Ill. App. 449.

BROADDUS, P. J.—Plaintiffs instituted this action against the defendant Chrissman, for commission on the purchase price for an alleged sale of land made by them under a contract. The defendant filed an answer containing a general denial and further, that, he placed the land in the hands of plaintiffs and also in the hands of J. F. Herrell for sale; "that the price given to each of said parties at which the defendant would be willing to have said land sold was in excess of fifteen thousand dollars; that on the —— day of ——, 1904, said J. F. Herrell notified defendant that he had secured an offer for said land at fifteen thousand dollars, and

that defendant authorized him to accept the offer; and that at the time he did not know who it was that had made the offer, but that it turned out to be one M. C. Garard to whom said land was sold and conveyed for that sum." The answer then alleges that $375 is the regular and usual commission for making sale of land; that he is ready and willing to pay the same, but avers that he ought not to be required to pay the same more than once, and that said commission for procuring said C. M. Garard as a purchaser for said land is claimed by both the plaintiffs and the said J. F. Herrell; and that he brings said sum of $375 into court and prays that the plaintiffs and the said Herrell he required to interplead for the same; and that the said Herrell be made a party to the suit.

The court made the order as prayed for by defendant and the said Herrell waived service of process, entered his appearance and filed interplea claiming the fund so deposited by defendant. The plaintiffs objected to the introduction of Herrell as a party to the suit, but their objection was overruled by the court. Plaintiffs put in issue the interplea of Herrell. After the hearing of all the evidence the court instructed the jury to find for the interpleader Herrell. The jury returned a verdict accordingly, upon which judgment was rendered, from which plaintiffs appealed.

In short it was shown by the evidence that the defendant had authorized several agents to sell the land, among whom were the plaintiffs and the interpleader Herrell. It was in proof and uncontradicted that it was through the efforts of plaintiffs that M. C. Garard, then a resident of the State of Illinois, was induced to come to Missouri for the purpose of buying the land. In the beginning of the negotiations he only offered $14,500 for it, which defendant refused to accept, but afterwards however, defendant authorized them to sell for $15,000.

M. C. Garard testified that after the refusal of his offer to give $14,500 for the land he gave up the idea of

buying it. Afterwards he went into the county clerk's office with his father-in-law, a Mr. Baldwin, who introduced him to Herrell and said, "This is my son-in-law, who is out here for the purpose of buying a good half section of land if he can get the same for fifteen thousand dollars." To which Herrell replied: "I have just got the land, but don't know whether it can be bought for that money or not." Baldwin then asked Herrell what farm he referred to. He answered: "The Fall farm, but it would take more money than that to get the place." Herrell informed Garard that he would call up defendant and see what could be done, and in the evening word was received from Herrell that the offer had been accepted.

We have stated enough of the evidence to pass upon the question of law raised by plaintiffs. Plaintiffs insisted during the trial and are insisting here that interpleader Herrell was not a proper party to the proceedings, which contention is well sustained by the law. The evidence discloses that, plaintiffs claim that, under a certain personal contract, entered into between themselves and defendant, the defendant is indebted to them for a commission on a sale made by them of the land mentioned. The interpleader claims, on the other hand, that under a certain personal contract entered into between himself and defendant, defendant is indebted to him for commission on a sale by him of the same tract of land; that the plaintiffs did not sell the land but that it was sold by him. The real dispute narrowed down is, that, defendant has obtained, from the court, a decree adjudging which of the two parties, plaintiffs or interpleader, sold or obtained a purchaser for the land.

The law as clearly stated is thus: "A bill of interpleader cannot be maintained by a plaintiff who has a personal interest in the subject of the controversy. He must show that he is a mere stakeholder without any right of his own to be litigated. The object of the pro-

114 app—36

ceeding is to determine to which of the several claimants the plaintiff shall pay a certain debt or duty, as to which there is no dispute except as to the person entitled to receive it, so that, when their respective rights are settled, nothing further remains in the controversy." [Appeal of Bridgeport Mfg. Co., 106 Pa. 275.] "When there is no privity between the claimants, where their titles are independent, not derived from a common source, but each asserted as wholly paramount to the other, the stakeholder is obliged, in the language of the authorities, to defend himself as well as he can against each separate demand." [Kyle v. Mary Lee Coal Co., 112 Ala. 606.] "The party seeking the relief must have incurred no independent liability to either of the claimants." [Pomeroy's Eq. Jurisprudence, sec. 1326; Supreme Council v. Palmer, 107 Mo. App. 157.] There is no dispute about the law of the case. The defendant was not a mere stakeholder but the interested party against whom plaintiffs were seeking to enforce their contract for commission for the sale of the land.

In view of the foregoing ruling other points raised by appellants are immaterial and need not be noticed. The cause is reversed and remanded, with direction to dismiss the interpleader's bill, and to tax him with the costs of the former trial and all other costs incidental to his interplea. All concur.