LACY M. LOVE, Appellant, v. HARTFORD LIFE INSURANCE COMPANY, Respondent.

St. Louis Court of Appeals, November 29, 1910.

1. BILL OF INTERPLEADER: Scope of Remedy: Independent Liability. The right of interpleader does not exist where the party seeking the relief has placed himself under an independent liability to either of the claimants, beyond the liability which arises from the title to the property or fund in contrversy.

2. ———: ———: ———: Beneficiary and Assignee of Life Insurance Policy. The insured and beneficiary assigned life insurance policies to a creditor, the assignment being consented to by the insurer, who agreed in writing to pay the creditor, upon the death of the insured, the amount of his insurable interest. After the death of the insured, the assignee brought suit to recover the amount of the policies, but the insurer interpleaded, claiming that the original beneficiary was still asserting a right to a part of the proceeds of the policies, tendered the amount of the policies into court, and averred that it had no interest in the matter, other than the payment

Love v. Life Insurance Co.

of the amount to the person rightfully entitled to it, and was thereupon discharged. *Held,* that there was privity between the claimants, who derived their respective rights from the same contracts of insurance made by the defendant with the insured, and that the defendant had a right of interpleader.

3. **ASSIGNMENTS: Assignment of Life Insurance Policy to Creditor: Equitable Rights of Beneficiary.** If a balance of the proceeds of a life insurance policy remains, after satisfying a debt of insured, which the policy had been assigned by the insured and the beneficiary to secure, the equitable title to such balance resides in the beneficiary.

4. **BILL OF INTERPLEADER: Scope of Remedy: Contractual Relations Between Beneficiary and Claimant.** The mere fact that a contractual relation exists between the complainant and one of the claimants to a fund under which the fund is required to be paid to such claimant does not of itself defeat the right of interpleader, where there is privity between the claimants.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams,* Judge.

AFFIRMED AND REMANDED.

*C. R. Skinker* for appellant.

(1) Interpleader cannot be maintained, because respondent has incurred an independent liability to appellant. Insurance Co. v. Kidder, 162 Ind. 389; Ludlow v. Strong, 53 N. J. Eq. 326; Wakeman v. Kingsland, 46 N. J. Eq. 113; French v. Robrchard, 50 Vermont 43, 7; Standley v. Roberts, 59 Fed. 841; Crawshay v. Thornton, 2 My. and Cr. 1; Sprague v. Soule, 35 Mich. 35; Cromwell v. Trust Co., 57 Hun. 151; Pfister v. Wade, 56 Cal. 46. (2) Respondent is not disinterested. Hartsook v. Chrissman, 114 Mo. App. 558; Conley v. Insurance Co., 67 Ala. 477; Insurance Co. v. Pingrey, 141 Mass. 411; Kyle v. Railroad, 112 Ala. 610; Ryan v. Lamson, 44 Ill. App. 204; Pfister v. Wade, 56 Cal. 46. (3) The titles of appellant and Mrs. von Borcke are adverse. Commissioners v. Safe Co., 133 U. S. 486;

Colortype Co. v. Continental Co., 188 U. S. 107; Mandeville v. Welch, 5 Wheat. 286; Morrill v. Insurance Co., 183 Ill. 260.   (4)   The same debt is not claimed by appellant and Mrs. von Borcke.   Glyn v. Duesbury, 11 Sim. 148; Johnson v. Atkinson, 3 Anstr. 798; Standley v. Roberts, 59 Fed. 84; Conley v. Insurance Co., 67 Ala. 477; Pfister v. Wade, 56 Cal. 46.   (5)   Respondent raises a question as to the amount due.   Smith v. Grand Lodge, 125 Mo. App. 207.   (6)   Appellant has a clear right to collect the proceeds from respondent. Woodmen v. Wood, 100 Mo. App. 658; Sullivan v. Knights of Father Mathew, 73 Mo. App. 45; Funk v. Avery, 84 Mo. App. 494.

*Jones, Jones, Hocker & Davis* for respondent.

The judgment of the court permitting the bill of interpleader and ordering the money to be paid into court was right and equitable and should be affirmed. Roselle v. Bank, 119 Mo. 84; School Dist. v. Weston, 31 Mich. 85; Morrill v. Ins. Co., 183 Ill. 260; N. Y. Mut. Life Ins. Co. v. Richards, 99 Mo. App. 88; Woodmen of the World v. Wood, 100 Mo. App. 655; Supreme Council L. of H. v. Palmer, 107 Mo. App. 157.

NORTONI, J.—This is a suit on two policies of life insurance, but the question for decision relates to defendant's right of interpleader which is interposed in its answer.   The court granted the relief prayed for in respect of this matter, directed the claimants to interplead for the fund which was paid into court, discharged defendant, and plaintiff prosecutes the appeal from that judgment.

Defendant is an incorporated life insurance company and it appears that it issued two policies of insurance, numbered 21, 261 and 21, 262, of $1000 each, on the life of Charles A. von Borcke in 1881.   Both of these policies were made payable to Mary L. von Borcke, wife of the insured, who was denominated as the bene-

ficiary therein. Afterward, in August, 1906, the insured, Charles A. von Borcke, and his wife, Mary L. von Borcke, sole beneficiary under the policies, for value, assigned each of said policies in writing to plaintiff Love, a creditor of the insured, Charles A. von Borcke, and directed the same to be paid to him on the death of the insured as his interest might appear. The assignment of the two policies was duly executed by both the insured and his wife, Mary L. von Borcke, the beneficiary, annexed to the policies and approved and accepted by defendant insurance company in writing indorsed thereon.

All the premiums were duly paid and the insured departed this life February 27, 1908. Thereafter proofs of death were duly made by plaintiff Love, assignee of the policies, but defendant neglected to pay the amounts due thereunder for the reason Mrs. von Borcke, the widow, notified it that she laid claim to a portion of the fund. Plaintiff Love, the assignee of the policies, thereupon instituted this suit against the insurance company to the end of recovering the amount of the two policies together with interest thereon, and defendant answered by way of an interpleader. In its answer, defendant admitted its obligation to pay the amount sued for to some one, recited the facts pertaining to the assignment of the policies to Love and that the original beneficiary, Mrs. von Borcke, claimed either all or a portion of the fund in its hands. Defendant tendered the amount of the policies, together with the accrued interest thereon, into court, said that it had no interest in the matter whatever, other than that the fund should be paid to the rightful owner or properly distributed, prayed the court to order the parties to interplead and discharge it from further responsibility, etc. On a hearing, the facts above set forth appeared to be uncontroverted. Mrs. von Borcke admitted having joined with her husband, the insured, in executing the assignment of the policies to plaintiff, her husband's

creditor, as his interest might appear and that plaintiff is entitled to a considerable portion of the fund, but she asserted a claim to some part thereof, which, of course, on the present hearing, was not ascertained. On the other hand, it is conceded by defendant insurance company that it consented to the assignment of the policies to plaintiff and agreed in writing at the time of the assignment to pay him on receipt of proper proof of death of the insured and the insurable interest of creditor.   The court declared defendant's right to the relief prayed for, allowed it a reasonable attorney's fee and other costs and upon its paying the fund into court, less the attorney's fees and such costs, ordered its discharge and directed an interpleading between Mrs. von Borcke and plaintiff for the fund.

It is argued by plaintiff that the court erred in giving this decree for the reason it conclusively appears defendant is not a mere disinterested stakeholder between him and Mrs. von Borcke as by accepting and approving the assignment of the policies it contracted to pay the fund to plaintiff.   There can be no doubt of the general principle of equity which operates to inhibit the right of interpleader in those cases where the party seeking the relief has placed himself under an independent liability to either of the claimants beyond the liability which arises from the title to the property or fund in controversy.   The principle proceeds in accordance with the precepts of natural justice, for, as a rule, the court ought not to entertain the bill and award an injunction against the prosecution of a suit when such an independent obligation appears.   Furthermore, sustaining the bill in such circumstances operates to discharge the interpleader of the duty to respond to such independent undertaking without a hearing as to that fact.   The principle obtains, too, we believe, because in respect of such independent promise there is no privity between the claimants, but it exists solely between the party praying for the relief and the parti-

cular claimant to whom the promise was made.    [See
4 Pomeroy's Eq. Jur. (3 Ed.), secs. 1326, 1327; Beach's
Mod. Eq. sec. 143; 23 Cyc. 5, 6, 7, 8; 11 Ency. Pl. and
Pr. 459; Northwestern Ins. Co. v. Kidder, 162 Ind. 382;
Sprague v. Soule, 35 Mich. 35; Pfister v. Wade, 56 Cal.
43; Crawshay v. Thornton, 2 My. & Cr. 1; Standley v.
Roberts, 59 Fed. 836, 841; French v. Robrchard, 50
Vt. 43.]

In accordance with this doctrine, the High Court
of Chancery in England denied the right of B & Co.,
wharfingers, to interplead in a case where A deposited
certain iron with B & Co. and directed them to deliver
it to C.   It appears that B & Co. thereafter entered the
same in their books as to the account of C and wrote him
a letter saying that the annexed note was of the landing
weights of the iron transferred into his name by A and
now held by them, (B & Co.), at (C's) disposal.  Upon
D subsequently laying claim to the iron and asserting
that A, who had deposited it with B & Co. for C, had
done so without authority on converting it from the
true owner, D, B & Co. filed their bill praying that the
court require C, to whom they had made the inde-
pendent promise, and D, the alleged owner, to inter-
plead for the iron.   The court denied the bill because
of the independent obligation with respect to the mat-
ter which B & Co. had assumed toward C by entering
the iron on their books in his name and writing him
the letter above mentioned.    [Crawshay v. Thornton,
2 My. and Cr. 1.]    But, upon scrutinizing this case, it
will appear that no privity whatever existed between the
claimants, C and D, and that their titles were not de-
rived from a common source; for, while C's title was
derived from A, who deposited the iron with B & Co., D's
title was wholly independent of and paramount to that
of A, who indeed was a tortfeasor, in that he had con-
verted the iron from D, the true owner. A study of that
case, however, will reveal instances cited where inter-
pleader will lie, even though an independent obligation

exists to one of the claimants, if the several claimants are in privity and it appears their several rights are de- rivative. Under the rule above suggested, interpleader has been denied, too, in a case where it appears a lessee had leased a mine by a separate indenture from two dif- ferent persons asserting adverse ownership. Of course, there was no privity in such circumstances and the right to interplead the two separate lessors under independent and separate contracts of lease was denied. The lessee having thus obligated himself independently to respond to two separate landlords was not en- titled to the aid of the court to have them interplead for the rents. By his express covenant he had agreed to pay both. [Standley v. Roberts, 59 Fed. 836; see, also, Hartsook, etc., v. Chrissman, 114 Mo. App. 558, 90 S. W. 116.] A leading case is that of Pfister v. Wade, 56 Cal. 43. In that case, it appeared that plaintiff purchased of T wheat which was then in the possession of W, and upon which W claimed a lien. W delivered the wheat to plaintiff, the purchaser, however, upon the express condition that plaintiff should retain out of the purchase money due from him to T the sum of money due W. Afterward T assigned to B his claim against plaintiffs on account of the wheat. In a suit by plaintiffs to compel W and B to interplead with re- gard to their respective claims, the right was denied, for it was said plaintiff had assumed an independent obliga- tion to each. The proposition is entirely sound, as there was no privity of right between the claimants, B and W, for W derived his right directly from the plaintiff on his promise to pay in consideration of W releasing his lien and B derived his right through the assignment of the purchase money from T, who owned and sold the wheat.

So much for the rule referred to and its usual ap- plication. It is certainly without influence on the facts in judgment here, for in the instant case, though the claimant, Mrs. von Borcke, theretofore joined in assign-

ing the policies to Love, she notwithstanding claimed an interest in the fund and in this claim she derived her right through the identical contracts of insurance from whence Love derived his. There can be no doubt of the fact that privity existed between Mrs. von Borcke and plaintiff Love, for she as beneficiary in the policies had joined in their assignment to plaintiff, the creditor, as his interest might appear. If a balance remains after discharging plaintiff's debt, the equitable right to that balance resides in Mrs. von Borcke under the fair construction of the assignments. The privity between plaintiff and the other claimant, Mrs. von Borcke, is therefore entirely clear. They each derived their rights through the identical contracts of insurance made by von Borcke with defendant company and payable according to the equities in the case in part to one and in part to the other claimant. Mr. Pomeroy, in his valuable work on Eq. Jur., vol. 4 (3 Ed.) points out in the notes to sections 1327, 1328 that insurance companies may compel opposing claimants of the insurance to interplead when they claim by assignment from the assured or by mortgage or by attachment, etc., that is, when there is present essential privity and they claim derivatively. The following cases cited by the author, which we have examined, are in point and support the general proposition asserted: Nelson v. Barter, 2 Hem. and M. 334; Hamilton v. Marks, 5 De Gex and S. 638; Spring v. S. C. Ins. Co., 8 Wheat. 268. That the mere fact a contractual relation exists between the party seeking interpleader and one of the claimants to the fund requiring its payment to such party will not of itself defeat the right of interpleader was declared in an instructive opinion by the Supreme Court of Pennsylvania. [See Bechtel v. Sheafer, 117 Pa. 555.] In that case Sheafer had contracted by due bill to pay Bechtel $2000. Bechtel sued Sheafer, the maker of the due bill, thereon and he answered by tendering the fund into court and praying that one, Batdorf, be required to interplead

Bechtel therefor. It appearing Batdorf claimed his right by an assignment from Bechtel, the payee in the due bill, the court declared the case one of interpleader notwithstanding the direct promise contained in the due bill to pay Bechtel, the plaintiff. The case reveals privity between the two claimants, for Batdorf asserted his right as derived through an assignment from Bechtel, the plaintiff. There are numerous cases involving immediate and direct promises to pay one of the parties where the right of interpleader has been sustained on privity appearing between the claimants and derivative rights disclosed.

No one can doubt that the relation of debtor and creditor obtains between a bank and its depositor. Notwithstanding this, in City Bank of N. Y. v. Skelton, 2 Blatchf. 14, the bank was permitted to interplead its depositor and another in respect of a fund held by it on deposit. In that case it appeared the depositor was the executor of Frazier and held the fund or derived his right as such. The other claimants, being the heirs of Frazier, of course derived their right from him. [See, also, 1st Nat'l Bank v. West River R. R. Co., 46 Vt. 633.] Notwithstanding the direct promise to pay the holder contained in a negotiable promissory note, in Howe Mach. Co. v. Gifford, 66 Barb. (N. Y.) 597, the maker of such a note was permitted to interplead the holder and another with respect to the fund it represented. Privity appeared in that case as well. Both claimants derived their rights through the original payee. So, in our own court, though a loan company had expressly agreed to pay a fund in liquidation of a judgment establishing a mechanic's lien, it was permitted to interplead the borrower to whom the promise was made and others. On a study of that case, it appears, all of the claimants there involved derived their rights through one Albers, who owned the judgment sustaining the mechanic's lien to which the fund was to be applied. [Franco, etc., L. & B. Ass'n v. Joy, 56 Mo. App. 433.] In Roselle v. Far-

mers' Bank, etc., 119 Mo. 84, 24 S. W. 744, though the
question of an independent liability was not suggested,
our Supreme Court sustained the right of the bank to
interplead seven joint owners of a deposit. It appeared
that one of the parties deposited the draft with the
bank for himself and six others, but afterward demand-
ed the entire sum for himself, and sued the bank on the
theory that it owed him as the depositor the entire
amount. The bank set forth the claims of the six other
parties and the Supreme Court declared it a proper
case of interpleader. If that case reveals a direct ob-
ligation to pay the depositor, there appears as well a
right in each and all of the claimants derived from the
same source. It is true no question was made with
respect to the matter now under consideration, never-
theless the principle we have pointed out is reflected by
that judgment, for the fact of derivative right obtained
in the case. The case of Woodman of the World v.
Wood, 100 Mo. App. 655, 75 S. W. 377, presented the
question in judgment here, but it was not discussed in
the opinion, for the point was not made. The case in-
volved a certificate of life insurance issued by a benevo-
lent association in which, of course, under the law, the
insured is permitted to change the beneficiary at his
pleasure. The insured had caused a new certificate to be
issued in favor of his two sisters as beneficiaries in
lieu of his wife. After the death of insured, the society
interpleaded the two sisters to whom they had issued
the new certificate and the widow, who was beneficiary
under the old, all of the parties having asserted a claim
to the fund. The claim of the widow was that because of
mental impairment her husband was incompetent to
change the beneficiary and therefore her right remained
intact, as no new contract of insurance had been entered
into. The court sustained the prayer for an interplead-
ing and this too notwithstanding it appeared a new and
direct promise had been made to the insured's two sis-
ters by the more recent certificate issued to them. It

appears that while the several claimants in that case did not all derive their right from the same or indentical paper contract, they nevertheless derived it from the same undertaking of the insurance company with the insured to pay the stipulated amount of insurance to his lawfully designated beneficiary. Though the question was not made or discussed, see, also, Mut. Life Ins. Co. v. Richards, 99 Mo. App. 88, 72 S. W. 487.

It appearing that both the claimants in this case derived the rights they assert from the same source and that defendant is wholly unconcerned as to who shall have the fund, except in so far as to exercise diligence to have it paid to or distributed between the right parties, the case is clearly one of interpleader and this, too, notwithstanding defendant's promise to Love, involved in consenting to the assignment of the policies. The judgment of interpleader should be affirmed and the cause remanded for such further proceedings as are proper between the claimants. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.