GEORGE W. LOCKE, Respondent, v. JOEL W. BOWMAN et al., Appellants.

St. Louis Court of Appeals, November 12, 1912.

1. LIFE INSURANCE: Assignment of Policy: Reassignment: Rights of Assignee. Where a life insurance policy is assigned and the assignee assigns it to another, the latter takes no greater rights in the policy than his assignor had.

2. ——: ——: No Insurable Interest: Validity of Assignment: Rights of Creditors. An assignment of a life insurance policy to one who has no interest in the life of insured is prima facie void, unless he is a creditor of insured, in which event it is valid only to the amount of the advances made.

3. ——: ——: ——: ——: ——: Establishing Right: Burden of Proof. Where the assignee of a life insurance policy had no interest in the life of insured, and the latter brought an action to have the assignment declared a mere pledge to secure certain indebtedness, the assignment being prima facie void beyond the amount of the admitted indebtedness, the *onus* was on the assignee to show such facts as would render it valid and binding beyond such amount.

Locke v. Bowman.

4. ———: ———: ———: ———: ———: ———;
———: Facts Stated. ' The insured in a life insurance policy executed an assignment of the policy. The assignment was absolute in form, but insured claimed it was made to secure an indebtedness owing by him to the assignee. The latter, in turn, pledged the policy with a third person, and the latter, upon foreclosure of the pledge, bought the policy. The insured brought action to have the court declare the latter to be the holder of the policy only to secure the amount to secure. which it was originally assigned. Defendant pleaded in his answer, among other defenses, that the policy was originally assigned to secure a much larger indebtedness than alleged in the petition. Held, that defendant had no greater rights in the policy than his assignor had; held, further, that, inasmuch as defendant had no interest in the life of insured, the assignment was prima facie void beyond the amount of the admitted indebtedness, and that the onus was on defendant to show such facts as would render it valid and binding beyond such amount.

5. ESTOPPEL: Laches: Burden of Proof. One setting up estoppel or laches has the burden of making out the facts upon which such defense rests.

6. LIFE INSURANCE: Assignment of Policy: Estoppel: Pledges. The rule that the owner of personalty will be estopped from setting up his title as against a pledgee of it, where he has clothed the pledgor with evidence of ownership of it, has no application to a life insurance policy.

7. ———: ———: Estoppel: Laches: Petition Construed. A petition, in an action to redeem a life insurance policy, alleged that plaintiff, the insured, executed, on September 14, 1905, an assignment of the policy, which was absolute in form but which in fact was made to secure an indebtedness owing by plaintiff to the assignee; that the latter, in turn, pledged the policy with defendant to secure a sum far in excess of plaintiff's indebtedness to said assignee; that default having been made in the payment owing by said assignee to defendant, the latter caused the policy to be sold to satisfy said indebtedness, and at said sale became the purchaser of it; that said assignee died in June, 1907, and at that time plaintiff was indebted to him in the amount of the original indebtedness and interest thereon. The prayer was, that the court declare defendant to be the holder of the policy only for the purpose of securing such indebtedness. Held, that plaintiff was not estopped to set up his title as against defendant, although he delivered the policy, together with an assignment, absolute in form, to defendant's assignor; held, further, that the petition does not show plaintiff was guilty of laches in failing to bring the

suit before the death of defendant's assignor, since it does not appear that defendant was injured by the delay and that plaintiff had knowledge that his rights were being infringed and had an opportunity to establish them, before said assignor died.

8. **LACHES: Constituent Elements.** In order to defeat an action on the ground of laches, a showing of mere delay or death of a participant is not sufficient, but it must also appear that the other party was injured by the delay and that plaintiff had knowledge of the infringement of his rights and had an opportunity to establish them.

9. **LIFE INSURANCE: Assignment of Policy: Action to Redeem: Tender.** In an action in equity to redeem a life insurance policy in the hands of an assignee under an assignment which was absolute on its face but which in fact was given to secure certain indebtedness, allegation and proof of a tender, before suit brought, of the amount of such indebtedness was unnecessary.

10. **APPELLATE PRACTICE: Pleading: Amendments.** Where the trial court ordered a reply to be amended by striking out a word, such amendment will be regarded, on appeal, as having been made, whether it was in fact made or not.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields*, Judge.

AFFIRMED AND REMANDED.

*Hall & Dame* for appellant.

(1) Plaintiff's bill herein does not state facts sufficient to constitute a cause of action against defendant Bowman. (a) One who leaves his property in the possession of another and knowingly allows that other to hold himself out to the world as the owner, will be estopped as against creditors of such other person from claiming the property as his own. McDermot v. Barnum, 19 Mo. 204; Rieschieck v. Klingelhoefer, 91 Mo. App. 431; Klingelhoefer v. Smith, 171 Mo. 455; Riley v. Vaughn, 116 Mo. 169. (b) Courts of equity view with disfavor suits that are brought long after the transactions litigated have occurred, and long after death has sealed the lips of those fa-

miliar with the occurrences.  Lenox v. Harrison, 88
Mo. 491; Burdette v. May, 100 Mo. 13; Brown v. As-
surance Soc., 75 Minn. 412; Kroening. v. Goehri, 112
Mo. 641.  (c)  A person seeking equity must first do
equity.  Plaintiff in his bill does not allege that he
tendered defendant Bowman, before suit, the amount
said Bowman advanced on said policy.  McClintock
v. Bank, 120 Mo. 133; Talty v. Freedman's Sav. &
Tr. Co., 93 U. S. 321; Scharf, Admr. v. Fries, 90 Mo.
App. 111.  (2)  The averments in defendant's answer
are not denied by plaintiff and therefore must stand
admitted.  The pleading which plaintiff styles a re-
ply does not deny the averments of defendant's an-
swer.  The language of the reply that plaintiff de-
nies the new matter of defendant's answer is no de-
nial since it does not point out what the allegations
of new matter are.  Betz v. Telephone Co., 121 Mo.
App. 473; Dezell v. Casualty Co., 176 Mo. 253; Sund-
macher v. Lloyd, 135 Mo. App. 517; R. S. 1909. sec.
1830; Young v. Schofield, 132 Mo. 650.  (3)  A policy
of life insurance is assignable as any other chose in
action.  McFarland v. Creath, 35 Mo. App. 112; Floyd
v. Ins. Co., 72 Mo. App. 459; Kelly v. Ins. Co., 148 Mo.
249; St. John v. Ins. Co., 13 N. Y. 31; Brown v. Ins.
Co., 75 Minn. 412; Brockway v. Ins. Co., 9 Fed. 249;
Ins. Co. v. Armstrong, 117 U. S. 591; A. O. U. W. v.
Brown, 112 Ga. 545; Fitzpatrick v. Ins. Co., 56 Conn.
116; Chamberlain v. Butler, 61 Neb. 730; Ins. Co. v.
Liersch, 122 Mich. 436; Strike v. Ins. Co., 95 Wis.
583; Bowen v. Association, 63 Conn. 460; Rittler v.
Smith, 70 Md. 261; Bursinger v. Bank, 67 Wis. 75;
Souder v. Home Friendly Soc., 72 Md. 511; Clogg v.
McDaniel, 89 Neb. 416; Ins. Co. v. Allen, 138 Mass.
24; Dixon v. Ins. Co., 168 Mass. 48; Murphy v. Red,
64 Miss. 614; Johnson v. Van Epps, 14 Ill. App. 201;
Stoelker v. Thornton, 88 Ala. 241; Olmstead v. Keyes,
85 N. Y. 598; Steinbach v. Diepenbrock, 158 N. Y. 24.
(4)  The party who alleges that an assignment abso-

lute on its face is given as security for a mortgage has the burden of proving that fact. Cobb v. Day, 106 Mo. 296; Worley v. Dryden, 57 Mo. 226; Dixon v. Ins. Co., 168 Mass. 48. (5) There is not any presumption in favor of an assignor of a life insurance policy that his assignment of said policy absolute in form is for less than the full value of the policy. (6) Defendant's denial of allegation of the complaint or bill that the assignment was given as security instead of as an absolute sale, called upon plaintiff for his proofs, notwithstanding express allegations containing affirmative pleas by the defendant. Offenstein v. Gehner, 223 Mo. 318; Bolingford v. G. L. of A. etc., 42 N. Y. Supp. 881; Railroad Co. v. Kerr, 17 Barb. 581; Amandor Co. v. Butterfield, 51 Cal. 526; Batto v. Vandament, 67 Cal. 332; Homire v. Rodgers, 74 Ia. 306; Connolly v. Clark, 45 N. Y. Supp. 1042.

*J. D. Johnson* and *Loomis C. Johnson* for respondent.

(1) The defendant below (appellant here) in his separate answer admitted plaintiff's cause of action; hence the order of dismissal was properly vacated. Facts admitted by the pleadings need not be proven. McGraw v. O'Neil, 123 Mo. App. 696; McKenzie v. Railroad, 216 Mo. 1; Chouteau v. Chrisman, 204 Mo. 371. (2) Assignments of policies of life insurance, though absolute on their face and for value, are prima facie void unless the insurable interest of the assignee in the life of the insured is made to appear. Singleton v. Ins. Co., 66 Mo. 72; Haeusner v. Ins. Co., 47 Mo. App. 336; Deal v. Hainly, 135 Mo. App. 516; Ins. Co. v. Rosenheim, 56 Mo. App. 33; Ins. Co. v. Richards, 99 Mo. App. 91; Warnack v. Davis, 104 U. S. 783; Whitmore v. Knights & L. of H., 100 Mo. 46. (3) (a.) Where the insurable interest of the assignee of a policy of life insurance does not appear, the burden of proof is on an assignee

claiming under the policy to prove his insurable interest. Singleton v. Ins. Co., 66 Mo. 74. (b.) An assignee of a life insurance policy can convey to his assignee no greater interest therein than he (the first assignee) possesses. Haeusner v. Ins. Co., 47 Mo. App. 343; Deal v. Hainly, 135 Mo. App. 514. (4) Respondent's petition alleges that the consideration for the assignment of his $5000 policy to Schwarz-kopf was the sum of $250. This the appellant admitted and stated that there was additional consideration passing from Schwarzkopf to respondent, in the shape of premiums paid. Under the foregoing authorities, therefore, the burden was on appellant to prove Schwarzkopf's interest, in excess of the $250 pleaded by respondent and to show, before he would be entitled to a decree, that that interest equaled the face value of the policy. (5) Appellant's contention that because respondent did not make tender to appellant Bowman therefore that he (respondent) is not entitled to recover is not in accord with the weight of authority in this State. Kline v. Vogel, 90 Mo. 244; Joplin v. Walton, 138 Mo. 485; Haydon v. Railroad, 222 Mo. 135. (6) Appellant having gone to trial on the pleadings cannot now be heard to question the sufficiency of respondent's reply. Roden v. Helm, 192 Mo. 83; Zangher v. Mercantile Co., 110 Mo. App. 386. (7) Appellant's sixth point does not correctly state the law as applicable to pleadings in cases involving the validity of assignments of policies of life insurance.

STATEMENT.—*In Equity.* When this cause came on for hearing in the circuit court, the question was raised as to whether under the pleadings the plaintiff or the defendant had the burden of proof. The trial court decided that plaintiff must assume that burden, whereupon, the plaintiff declining to offer any evidence, the court rendered judgment dismissing his bill. After-

wards, because it considered that it had erred in ruling that plaintiff had the burden of proof, the court granted a new trial on plaintiff's motion, and the defendant has appealed.

The sole question presented on this appeal is whether the plaintiff or the defendant had the burden of proof under the pleadings.

The petition alleges in substance that the plaintiff procured from an insurance company a paid-up life insurance policy for $5532 on his own life, payable to Fannie G. Locke, his wife, if living at his death, and if not living at his death, to the executors, administrators or assigns of plaintiff; that thereafter, on September 14, 1905, plaintiff and his said wife assigned the policy to E. M. Schwarzkopf in consideration of the latter paying $250 which the plaintiff owed the St. Louis Trust Company; that said assignment, although on its face an absolute assignment, was, in fact, executed as security to Schwarzkopf for the repayment to him of said $250; that Schwarzkopf died in June, 1907, and at the date of his death plaintiff was indebted to him in the sum of $250, advanced as aforesaid, together with interest thereon from September 14, 1905, such advance being secured by the aforesaid pledge of the policy; that, prior to the date of his death, Schwarzkopf pledged the policy with defendant Bowman as security for advances made by said Bowman to Schwarzkopf in a sum far in excess of the amount of plaintiff's indebtedness to Schwarzkopf, and thereafter, Schwarzkopf making default in the amount owing to Bowman, the latter caused the policy to be sold to satisfy Schwarzkopf's indebtedness to him and at said sale purchased the policy himself and is now in possession, claiming to be the owner thereof; that Fannie G. Locke is dead. Plaintiff further avers his readiness and willingness to pay to either defendant the said sum of $250 together with interest thereon and to do all things which, in equity,

he should do to protect the interests of the defendants. The prayer of the petition is, that "the court adjudge and decree that the said policy is now held by the said Bowman only as security for the payment of the said sum of $250, with interest due thereon from September 14, 1905, and, upon payment by the said plaintiff to said Bowman of said amount, the court order and direct the said Bowman to surrender to plaintiff the said policy herein described. And plaintiff prays for such other and further judgments, orders and decrees as may be necessary to fully protect his interests and the rights and interests of the defendants."

The defendant executrix does not appear to have answered or appeared, though duly summoned. Defendant Bowman answered, admitting the transaction as alleged, except that he avers that the consideration for the assignment to Schwarzkopf, in addition to the payment by Schwarzkopf of $250 to the trust company, "was for premiums paid on the policy by Schwarzkopf and other valuable consideration." He denies that the assignment to Schwarzkopf was executed as a mere assignment to secure the repayment of the $250, and avers that it was in fact "an unconditional and an absolute sale and assignment of said policy in writing for a valuable consideration." He pleads that the assignment, being absolute on its face, plaintiff is estopped from denying that it was so in fact. He alleges that the amount of the loan for which Schwarzkopf pledged the policy to him was $2000, which was evidenced by a note; that the sale by defendant Bowman, at which he bought the policy in, was made in accordance with the terms of the pledge, etc., and that by said sale he became the absolute legal and beneficial owner of the property. Defendant also states facts relied upon by him as creating an estoppel; and constituting laches, sufficient to bar plaintiff from relief. Defendant further pleads that he made

the loan to Schwarzkopf in good faith, relying on the assignment of the policy to Schwarzkopf as an absolute one, and without knowledge or notice of plaintiff's claim or alleged equities.

The reply was a general denial of "each and every allegation of new matter" in the answer contained.

When the case was called for trial and the pleadings were read, the trial judge asked if the reply contained the word "new." Being answered in the affirmative, he said "You better strike it out. The Supreme Court has held that the court and the other party are not bound to plow through the pleadings to find out what is new matter and what is not. Just let it be a general denial of the allegations of the answer."

CAULFIELD, J. (after stating the facts).—It is clear that, considering the state of the pleadings, the trial court erred in holding that the burden of proof lay with the plaintiff and not the defendant, and did not err in granting plaintiff a new trial on that account. On the admitted facts, defendant has no right except such as he derived through Schwarzkopf, who, in turn, was a mere assignee of the policy. He acquired no greater right in the policy than Schwarzkopf had. [Heusner v. The Mutual Life Ins. Co., 47 Mo. App. 336, 345.] The assignment to Schwarzkopf, being made to one having no interest in the life of the insured, was prima facie void and if he was a creditor it could be valid only to the amount of his advances. [Deal v. Hainley, 135 Mo. App. 507, 116 S. W. 1; Jenkins v. Morrow, 131 Mo. App. 288, 109 S. W. 1051; Mut. Life Ins. Co. v. Richards, 99 Mo. App. 88, 72 S. W. 487; Singleton v. Ins. Co., 66 Mo. 63; Warnock v. Davis, 104 U. S. 775; Heusner v. Mut. Life Ins. Co., supra.] Being prima facie void, the onus was on the one asserting its validity to show such facts as rendered it valid and binding. [Singleton v. St. Louis

168 Mo. App. 9

Mut. Ins. Co., 66 Mo. 63, 75; Ryan v. Metropolitan Life Ins. Co., 117 Mo. App. 688, 93 S. W. 347.] The plaintiff admitted its validity to the amount of $250 and interest, and to that extent defendant might have enforced his right without offering evidence. He could not, however, rest his claim for a larger amount upon that admission, but must show that Schwarzkopf advanced the larger amount claimed. As the case stood on the pleadings, with both parties declining to offer evidence the plaintiff would have been entitled to a decree as specifically prayed for in his petition.

As to estoppel and laches, the onus is on the party setting them up to make out the facts on which they rest. The petition does not disclose such facts. It does disclose that plaintiff delivered the policy to Schwarzkopf, together with an assignment which is absolute in form, and that Schwarzkopf pledged it to defendant, but the rule that the owner of personalty will be estopped from setting up his title as against a pledgee of it when he has clothed the pledgor with evidence of ownership of it has been held to have no application to a life insurance policy. [Heusner v. Ins. Co., supra.] Neither does it appear on the face of the petition that plaintiff has been guilty of such laches as to bar his right to relief in equity or to put him to an explanation of his delay in bringing suit. It is true that plaintiff alleges that Schwarzkopf died in June, 1907, having theretofore pledged the policy with defendant Bowman for a larger sum, etc., but that is not sufficient. There must be something more than mere delay or death of a participant, before the relief asked should be refused. It must appear that the other party was injured by the delay, and that plaintiff had had knowledge of his rights being infringed and opportunity to establish them. [St. Louis Safe Deposit & Savings Bank v. Kennett's Est., 101 Mo. App. 370, 74 S. W. 474.] The cases which hold that equity views with disfavor a suit that is brought after

the death of a party acquainted with the "whole business" proceed on the theory that the plaintiff had knowledge of the infringement upon his rights and ample opportunity to establish them before the party died. [Lenox v. Harrison, 88 Mo. 491; Burdett v. May, 100 Mo. 13, 12 S. W. 1056; State ex rel. v. West, 68 Mo. 229; Dexter v. Macdonald, 196 Mo. 373, 95 S. W. 359.] The petition in this case does not disclose that defendant was injured by the delay or that plaintiff had knowledge of his rights and opportunity to establish them before Schwarzkopf died, or, indeed, for any considerable time before bringing this suit.

It was unnecessary for plaintiff to allege and prove a tender before suit of the amount of the debt necessary to be paid in order to redeem the policy, this being a proceeding in equity to redeem. [Haydon v. Railroad, 222 Mo. 126, 121 S. W. 15.]

Defendant's counsel contend that as the reply denied the "new matter" of defendant's answer it is insufficient and therefore the averments in the answer must stand as admitted. The contention will be ruled against the defendant. The trial court having ordered the reply to be amended so as to meet that objection it is to be regarded here as having been made, and it is immaterial whether the verbal changes were made or not. [Underwood v. Bishop, 67 Mo. 374; Shantz v. Shriner, 167 Mo. App. 635, 150 S. W. 727, (Decided October 8, 1912).]

The judgment is affirmed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.